JOHN MARSH *vs.* JOHN T. JOHNS.

*Rule to plead by specified day other than regular rule day— Judgment of Non-Pros. for failure to plead.*

It is competent for either party to a suit to obtain a rule on the other party to declare, plead, reply, rejoin, &c., by a special day to be prescribed by the Court other than the regular rule days, and if the party so required neglect to declare, plead, reply, rejoin, &c , by the day prescribed, judgment of *non-pros.*, or by default, as the case may require, may be entered against him, unless the Court for good cause shown shall enlarge the rule.

A plaintiff failing to prosecute his suit by filing the proper pleading is liable to a *non-pros.*, and the judgment of the Court, so ordering, in the absence of anything to the contrary, must be presumed to be right.

APPEAL from the Circuit Court for Howard County.

The appellant sued the appellee for damages in the Circuit Court for Baltimore County, from which Court

the case was removed to the Baltimore City Court and afterwards to the Circuit Court for Howard County. The suit was instituted 31st August, 1875, the declaration was filed 27th November, 1875, the case was continued from term to term, and the plea was filed 12th March, 1877. Thereupon on the prayer of the defendant a rule was laid upon the plaintiff to reply to the plea, and upon the failure of the plaintiff to reply to defendant's plea, judgment of *non pros.* was entered against him. The plaintiff on the day said judgment was entered, moved the Court to strike out said judgment of *non pros.*, but the Court overruled the motion, and the plaintiff appealed.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, MILLER and ROBINSON, J.

*Wm. P. Maulsby,* for the appellant.

*Wm. M. Merrick,* for the appellee.

STEWART, J., delivered the opinion of the Court.

From the record in this case it appears the plaintiff failed to reply to the defendant's plea, and judgment of *non pros.* was entered against him, it is to be presumed according to the rules of the Court

The plaintiff then moved to strike out the judgment of *non pros.*, which was overruled.

This appeal was taken from the judgment of *non pros.*

The 75th Article, 34th sec., of the Code provides, that " no cause shall be continued beyond the second term after process has been served on the defendant, unless by consent of parties, or upon good cause shown by the party asking the continuance."

The purpose of the law, and the establishment of rules by the Court in accordance therewith, is for the orderly and prompt dispatch of business.

Marsh *vs.* Johns.

Besides these general rules, it is competent for either party to obtain a rule on the other party to declare, plead, reply, rejoin, &c. by a special day to be prescribed by the Court other than either of the general rule days, and if the party so required neglect to declare, plead, reply, rejoin, &c. by the day prescribed, judgment of *non pros.*, or by default, as the case may require, may be entered up against him, unless the Court for good cause shown shall enlarge the rule.

No trial should be postponed unless there is some legal ground shown, or the Court is satisfied that justice requires a postponement, particularly where witnesses have been summoned.

If the case is not at issue when it ought to be, and does not stand under a rule, the Court will discontinue it for want of prosecution, as it is always the duty of the plaintiff, or his attorney, to take care that his case is put at issue by laying the proper rule.

He has no standing in Court as a litigant unless he can maintain it by compliance with the law and the rules of the Court.

The *non pros.* follows as a consequence by not having filed his pleading, as required by the rule of the Court. *Evans' Prac.*, 314.

In the absence of any reason to the contrary appearing, the judgment of the Court must be presumed to be right.

The plaintiff failing to prosecute his suit by filing the proper pleading was liable to be *non prossed,* and the judgment of the Circuit Court so ordering was the necessary result of his default.

*Judgment affirmed.*

(Decided 24th July, 1878.)