## PHILLIP T. McQUAID *v.* UNITED WHOLESALE ALUMINUM SUPPLY CO., INC. ET AL.

[No. 952, September Term, 1975.]

*Decided June 7, 1976.*

The cause was argued before ORTH, C. J., and MORTON and THOMPSON, JJ.

*Harry Goldman, Jr.,* for appellant.

*Hyman Ginsberg,* with whom were *Ginsberg* & *Ginsberg* on the brief, for appellees.

ORTH, C. J., delivered the opinion of the Court.

We hold in this case that a judgment of *non pros* rendered against a party asserting a claim at law because of his failure to comply with the requirements as to time allowed for pleading is not a bar to the filing of another suit based on the same cause of action.

## STATEMENT OF THE CASE

On 20 December 1974 Phillip Tyson McQuaid, appellant, instituted an action at law in the Circuit Court for Baltimore County by the filing of a declaration seeking damages from United Wholesale Aluminum Supply Co., Inc. and Sidney Pomer, appellees, for false imprisonment (count one) and malicious prosecution (count two). Appellees demanded particulars of count one and demurred to count two. Appellant excepted to the demand for particulars. On 24 March 1975 the court sustained both the demand for particulars and the demurrer with leave within twenty days

to give particulars as to the first count and to amend as to the second count.[1] Appellant did neither within the time granted. On 29 April 1975 appellees moved for a judgment of *non pros* on each count for failure of appellant to comply with the order of 24 March. The same day the court ordered that "Judgment of Non Pros be granted in favor of [appellees] on Counts One and Two of the Declaration and that court costs be paid by [appellant]."

On 7 May 1975 appellant again instituted the action by filing a declaration. The first count was the same as that in the original declaration. The second count, however, attempting to overcome the ground for the demurrer, contained additional allegations that the prosecution was without probable cause. On 10 June appellees filed a motion raising preliminary objection. The motion recounted the history of the prior action leading to the judgment of *non pros* and asserted:

> "The basic rule of res judicata is that facts or questions which were in issue or might have been put in issue, but were not, and which could have been determined by a Court which had jurisdiction of the parties and the subject matter are conclusively settled by a final judgment in the first case and may not again be litigated in a subsequent action between the same parties though a subsequent suit takes a different form or is based on a different cause of action."

It prayed for an order granting the motion and dismissing the declaration. Appellant answered. Although he admitted that his "failure to prosecute an earlier suit resulted in a Judgment *Non Pros.* which had the effect of terminating

---

1. The "Clerk's Memorandum" and the docket entries read "Demurrer to Count 2 Sustained — 20 days to amend. *Exceptions to* Demand for Particulars Sustained, 20 days to file particulars." (emphasis supplied). It is patent that the court sustained the demand for particulars and overruled the exceptions thereto. Appellant recognizes this in his brief, p. 2, where he states: "Both defendants' dilatory pleas were sustained and plaintiff was given 20 days leave to particularize and amend."

that action and allowing [appellees] a Judgment for costs," he urged that the "Judgment *Non Pros.* was without prejudice and not based on the merits of the case. Therefore, there is no bar to another suit, based on the same cause of action." Upon a hearing on the motion and answer on 27 August 1975, the motion was granted. Judgment was entered in favor of appellees and against appellant for costs. An appeal therefrom was noted on 25 September.

## ISSUE FOR DECISION

Did the trial court err in granting the motion raising preliminary objection? [2]

---

**2.** Appellant presents the question: "Is a former judgment of *non pros.* for failure to amend and particularize within the time limited by rule of court, a bar to a second action at law? "

Appellees put it thus: "Was the order of the lower Court entering judgment of non pros. as to both counts of the suit originally filed after hearing in which exceptions to the demand for particulars of the first count were overruled and the demurrer sustained to the second count and the failure of the Plaintiff to comply with the Court's order to file particulars and an amended declaration res judicata of the present suit? "

The trial judge, citing Frontier Van Lines v. Maryland Bank and Trust Company, 274 Md. 621 (1975), thought that "the motion properly raises the question of whether the previous suit between the parties in the case at bar serves as a final bar to this pending suit." It is correct that in *Frontier* the Court of Appeals affirmed an order of the trial court dismissing a case upon a grant of a motion raising preliminary objection grounded upon *res judicata.* But, as we noted in Doug-Dun Corporation v. Simms, 31 Md. App. 350, n. 4 at 354 (1976), the appropriateness of the motion was not contested in *Frontier,* and the Court of Appeals decided the case without mention of the propriety of the procedure. We held in *Doug-Dun* that the defense of *res judicata* could not be raised by a motion *ne recipiatur,* and we intimated, n. 4 at 354, that a motion raising preliminary objection was not appropriate to assert the doctrine, observing that it was not one of the defenses enumerated under Maryland Rule 323, which lists defenses which may be made by motion at the option of the pleader. We suggested, at 354, that at law the better practice was to plead *res judicata* specially, although it may be set up under the general issue. We said that in equity the defense would be presented in the answer, and we indicated that at law and in equity, if appropriate to the allegations of the declaration or bill of complaint, it may be declared by demurrer, adding that "certainly it may be asserted at law or in equity by a motion for summary judgment under Maryland Rule 610."

In any event, no question of the propriety of asserting the defense of *res judicata* by a motion raising preliminary objection is presented to us on appeal, and as the Court of Appeals did in *Frontier,* we decide the case *sub judice* without consideration of that question.

## THE LAW

*Res Judicata*

The doctrine of *res judicata* is not applicable in the facts and circumstances of this case. The principle of the doctrine of direct estoppel by judgment and collateral estoppel by judgment [3] was set forth by the Court of Appeals in *Sterling v. Local 438*, 207 Md. 132, 140 (1955), *cert. denied*, 350 U. S. 875 (1955):

> "If the second suit is between the same parties and is upon the same cause of action, a judgment in the earlier case *on the merits* is an absolute bar, not only as to all matters which were litigated in the earlier case, but as to all matters which could have been litigated." (Emphasis supplied)

See *Frontier Van Lines v. Maryland National Bank and Trust Company, supra*, at 624; *Travelers Insurance Co. v. Godsey*, 260 Md. 669, 676 (1971); *A. B. Veirs, Inc. v. Whalen*, 256 Md. 162, 166-167 (1969); *Davis v. Frederick County*, 25 Md. App. 68, 73-80 (1975) and cases cited therein. It is obvious that the judgment here was not on the merits. We observed in *Davis*, n. 4, at 73, "[I]t is well settled that the rules of *res judicata* do not apply unless there is a final judgment on the merits . . . ."

*Maryland Rule 310, Section a.*

The issue for decision must be determined under Maryland Rule 310, entitled "Default . . . . . Gen'l," As adopted effective 1 January 1957 it is comprised of two sections. Section a concerns default by a party asserting a claim. It provides:

> "If a party asserting a claim is in default, for failure to comply with the requirements as to time

---

3. The Court of Appeals declared in Frontier Van Lines v. Maryland Bank and Trust Company, *supra*, at 623, that it intended to observe the distinction between direct estoppel by judgment and collateral estoppel by judgment "notwithstanding what might be regarded as a contrary intimation in Missler v. Anne Arundel County, 271 Md. 70, 77 (1974)."

allowed for pleading, a judgment of *non pros* may be rendered against him at law, or his action may be dismissed in equity, on motion of the opposite party, or by the court without motion."

Section b deals with default by a party against whom a claim is asserted. It states:

"If a party against whom a claim is asserted is in default for failure to comply with the requirements as to time allowed for pleading, unless the time be enlarged by the court for good cause shown, judgment may be entered against him in an action at law or the bill may be taken pro confesso in a proceeding in equity, on motion of the adverse party, and thereupon the case shall proceed ex parte as against such party."

It is patent that under Rule 310, § a the rendering of the judgment of *non pros* as to the original declaration was proper, and appellant so concedes. The question is whether the intendment of the Rule is that further action be barred. To put it another way, does the Rule contemplate that the judgment of *non pros* be with prejudice. We conclude that it does not.

Section b of Rule 310 is characterized in the Editor's note as "a combination of the former law and equity rules and statutory material cited in the source line." [4] The Editor added: "It would seem that no change was intended." The Editor noted that § a is "new". This latter statement is misleading. Rule 310 stemmed from former Rule 7 of the General Rules of Practice and Procedure, apparently adopted in 1949. It was entitled "Judgment by Default", and provided:

"If a party is in default for failure to comply with the requirements as to time allowed for pleading, judgment may be entered against him on motion of the adverse party."

---

4. The source line cites "G. R. P. P. Pt. Three, IV, Rule 7, G. E. 15, G. E. 16; art. 75, §§ 156, 157; amended July 1, 1974." The 1974 amendment deleted two commas.

Rule 310 broke down "party" into a party asserting a claim in § a and a party against whom a claim is asserted in § b. The substance of the provisions of § a were not only present in former Rule 7, but were established in the law prior to the adoption of Rule 7. Professor J. P. Poe in the second volume of his *Pleading and Practice* (5th ed.), Tiffany's Edition, published in 1925, after discussing the voluntary dismissal of a suit by the plaintiff in § 234,[5] declared in § 235: "The suit may also be ordered to be dismissed by the court without a trial, where the plaintiff . . . is in default for not filing at the proper time the necessary pleading when under rule to do so, or for failing to comply with any other rule properly laid. Technically, this judgment is termed a *non pros*." This was in accord with *Marsh v. Johns*, 49 Md. 569, 571 (1878), in which the Court said:

> "[I]t is competent for either party to obtain a rule on the other party to declare, plead, reply, rejoin, etc., by a special day to be prescribed by the court other than either of the general rule days, and if the party so required neglect to declare, plead, reply, rejoin, etc., by the day prescribed, judgment of *non pros.*, or by default, as the case may require, may be entered up against him, unless the court for good cause shown shall enlarge the rule.

> \* \* \*

> The *non pros.* follows as a consequence by not having filed his pleading, as required by the rule of the court. Evans Pr. 314.

> \* \* \*

> The plaintiff failing to prosecute his suit by filing proper pleading was liable to be *non prossed*, and the judgment of the Circuit Court so ordering was the necessary result of his default."

---

5. As is obvious, we are not concerned here with the voluntary dismissal of an action. This is now covered by Maryland Rule 541. See 3 Poe's *Pleading and Practice* (6th ed.) § 234.

It is apparent that in adopting Rule 310, § a the Court of Appeals was simply recognizing by Rule of Procedure the existing law of this State.

Section a of Rule 310 does not declare whether a judgment of *non pros* entered under its provisions is a bar to further action.[6] We look, therefore, to the law as it was before the adoption of the Rule. 2 Poe, *Pleading and Practice* (5th ed.), referring to a judgment of *non pros* entered upon default of a plaintiff in pleading, said, § 235: "In these cases also, [as in a voluntary dismissal or a voluntary submission to a judgment of *non pros*], the costs are thrown upon the plaintiff; but, here too, he may renew the litigation by bringing a fresh suit, and for the purposes of this suit the former action will be entirely disregarded." In § 362 Poe laid it out clearly:

"Where the plaintiff fails to prosecute his suit with effect, and a judgment of *non pros.* is entered up against him, it is a final judgment, and entitles the defendant to execution for his costs. Such judgment of *non pros.* may be entered up against the plaintiff for his default in filing a declaration or any other pleading, according to the course of the court, when duly laid under rule to do so, or for failing to comply with any special rule of the court, by the time therein prescribed, as, for example, the

---

6. Rule 541, on the other hand, spells out the effect of a voluntary dismissal of an action, which includes submission to a voluntary judgment of *non pros*, § e. Section c provides:

"Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in any court of any state or of the United States an action based on or including the same claim."

This was in accord with the former practice: "As, however, this voluntary dismissal of his suit settles no rights, it is thoroughly settled that [the plaintiff] is entirely at liberty to bring a new suit if he sees fit, which will be considered as a wholly new proceeding, without reference to the abandonment of the former action." 2 Poe, *Pleading and Practice* (5th ed.) § 234. For a discussion and application of Rule 541 see Williams v. Snyder, 221 Md. 262, 266-267 (1959); Sargent v. Lady, 244 Md. 552, 553-555 (1966).

rule security for costs, or the rule to file a bill of
particulars, or it may be entered upon the
voluntary abandonment by the plaintiff of his suit.
While the judgment is *final,* in so far as it puts an
end to that particular suit, it is not so far
final as to preclude the plaintiff from institut-
ing a new action, and in practice it is frequently
submitted to, in order that such new action may be
instituted."

Language identical to §§ 235 and 362 of volume 2 of
Tiffany's Edition of Poe appears in 3 *Poe's Pleading and
Practice* (6th ed.) §§ 235 and 362, edited by H. M. Sachs, Jr.,
Esq., and published in 1975.

Poe's statement of the law is in full accord with the
appellate opinions of this State. The Court of Appeals said in
*Ferrall v. Farnen,* 67 Md. 76, 83 (1887): "It is undoubtedly
true as a general rule that the plaintiff may, at any stage of
his case,[7] suffer a *non pros.* and begin *de novo,* either
the same or a different action." In *Rutledge v. McAfee,*
72 Md. 28, 32 (1890), the Court asserted: "It was a judg-
ment of *non pros.* which did not prevent the plaintiff from
suing again on the same cause of action. . . ." *Crawford v.
Richards,* 193 Md. 236, 243 (1949) stated, "A judgment of
*non pros,* followed by a judgment for the defendant for
costs, is generally held to be final and appealable, even
though the plaintiff may have a right to bring another suit.
2 *Poe, Practice* (5th Ed.) § 362."

## DECISION

We conclude, therefore, that the rendition of a judgment
of *non pros* under Rule 310, § a, is without prejudice to file
another suit based on the same cause of action.[8]

As we understand the reasoning of the trial judge in
granting the motion to dismiss the declaration filed 7 May

---

7. As to the time for filing a voluntary notice of dismissal, however, see
Rule 541 a 1.

8. Of course, when another suit is filed, a defendant would be entitled to
plead limitations if the plaintiff's right of action was barred by the statute
of limitations. See Williams v. Snyder, *supra,* at 267.

1975, he determined that only a voluntary dismissal of an action was without prejudice and that an involuntary dismissal by way of judgment of *non pros* under Rule 310, § a was with prejudice. We have found otherwise.[9]

The order of 27 August 1975 granting appellees' motion raising preliminary objection is vacated and the judgment for the appellees and against appellant for costs is reversed.

> *Order of 27 August 1975 granting motion to dismiss the declaration vacated; judgment for costs reversed; costs to be paid by appellees.*

---

**9.** We point out that the ruling sustaining the demurrer to the second count with leave to amend was not a final judgment on the merits. The final judgment of *non pros* was rendered for failure to amend within the time required. For the effect of a final judgment entered upon a demurrer see 1 Poe, *Pleading and Practice* (5th ed.) § 710 and 2 *Poe's Pleading and Practice* (6th ed.) § 710. It is stated therein:

"A judgment *upon the merits* recovered upon a confession of facts is obviously quite as binding by way of estoppel as a judgment founded upon a verdict where the facts were disputed and will sustain equally a plea of res adjudicata or former recovery; but it is to be observed that it is only where the judgment on demurrer is upon the merits that it will have such an effect."