PATRICIA DIETRICH HESS ET AL. *v.*
RITA V. CHALMERS ET AL.

[No. 68, September Term, 1976.]

*Decided November 5, 1976.*

The cause was argued before THOMPSON, MENCHINE and MELVIN, JJ.

*Stephen N. Abrams,* with whom were *Fred B. Goldman* and *Fodiman, Goldman & Greenfeig* on the brief, for appellants — cross-appellees.

*Clarence M. Thomas,* with whom were *Savage, Jones, Tingle & Schwartzman, P.A.,* on the brief, for appellees — cross-appellants.

MELVIN, J., delivered the opinion of the Court.

The primary question for decision in this appeal is whether the Circuit Court for Baltimore County (Raine, J.) correctly applied the doctrine of *res judicata* in granting the appellees' (respondents' below) motion for summary judgment. A second question to be decided is the correctness of Judge Raine's ruling denying appellees' motion for counsel fees, that question being the subject matter of appellees' cross-appeal.

In 1963 Helen Lee Dietrich and her husband, George, conveyed a number of parcels of land located in Baltimore County, Baltimore City, and Anne Arundel County to a corporate straw party. The parcels were immediately reconveyed to Helen Dietrich for life with full powers of disposition, except by will, with remainder to her two daughters (the appellants here) and her husband, George. In 1968, in settlement of a marital dispute, George released all his rights in the property. Helen then exercised her powers of disposition by a blanket deed conveying all the parcels to a straw party. The property was immediately reconveyed to Helen, vesting in her absolute ownership of all the property covered by the 1963 conveyances. In 1971, Helen died. By her will, dated December 12, 1968, she devised the land here in question to the appellants and three others in equal shares.

In 1974, appellants filed a bill of complaint in Anne Arundel County seeking to have themselves declared vested with title as remaindermen to the property located in Anne Arundel County. After a hearing, Judge James L. Wray filed a memorandum opinion and decree on 20 May 1974. The opinion in effect declared that the 1968 straw conveyances vesting absolute title in Helen validly divested the appellants of any interest they held as remaindermen by virtue of the 1963 conveyances. The appellants appealed to this Court on August 19, 1974. As to Judge Wray's decree of 20 May 1974, the appeal was dismissed as being filed too late. *Hess v. Chalmers*, 27 Md. App. 284 (1975).

While the appeal was pending, appellants on 7 November 1974 filed their bill of complaint in the instant proceedings

in the Circuit Court for Baltimore County against the same parties (appellees here) who were respondents in the Anne Arundel County case. With the exception that the bill concerned only the Baltimore County property covered by the 1963 conveyances, it was in other respects virtually identical to the bill of complaint previously filed in Anne Arundel County. In each bill the relief sought was that the appellants "be declared to be the lawful remaindermen" of the property covered by the 1963 conveyances in the respective counties. Each bill raised the single legal issue of the validity of the 1968 conveyances which divested them as remaindermen and placed absolute ownership in their mother, Helen.

The appellees answered the Baltimore County bill of complaint and moved for summary judgment alleging that the Anne Arundel County decree was *res judicata* as to all issues then before the court. After a hearing held on 18 November 1975, the motion was granted. In his oral opinion, Judge Raine said:

> ". . . [T]here doesn't seem to me to be any dispute as to any relevant facts, so that I would believe that the Respondents here would be entitled to a summary decree on the facts themselves, but in addition I believe that the doctrine of res judicata constitutes an absolute bar when Judge Wray and the Circuit Court for Anne Arundel County dismissed the Bill of Complaint and his decision remained undisturbed.
>
> It was between the same parties, it presented the same issues, it involved the identical deeds, and the mere fact that he was taking jurisdiction there because of some of these properties being located in Anne Arundel County and this Court gets into it because of properties being located in Baltimore County, the law is the same and the facts are the same, so I am going to grant the motion for summary decree and dismiss the Bill of Complaint."

We hold that Judge Raine was right for the right reasons. *Lebrun v. Marcey*, 199 Md. 223 (1952), *Davis v. Frederick County Board*, 25 Md. App. 68 (1975). *See also U.S. v. Memphis Cotton Oil Corporation*, 288 U. S. 62 (1933).

At the conclusion of the hearing on the motion for summary judgment and after the chancellor had announced his decision to grant the summary judgment, cross-appellants orally moved for an award of counsel fees "under Rule 604b". No mention of the subject had been previously made. We quote in its entirety that portion of the transcript dealing with the motion for counsel fees.

> "MR. THOMAS: May I make one statement? I would like to file a motion —
>
> THE COURT: When you have made a sale get up and walk away.
>
> MR. THOMAS: This is something entirely different. I want to make a motion under Rule 604B for allowance of a counsel fee because of the frivolous nature of bringing this action and the pursuit of this action. I would like leave to do it by written motion.
>
> THE COURT: I am not going to grant it because I am persuaded that the frivolity was not intentional. I don't think that there was a basis for a cause of action, but if I had to award counsel fees in all such cases that's all I would do.
>
> (End of Hearing.)"

The written order of the chancellor granting the motion for summary judgment and denying the motion for counsel fees was filed on December 23, 1975. In the meantime, no further pleading was filed concerning the matter.

In Maryland it is well settled that counsel fees are rarely awarded by the court and then only in special circumstances. *Erie Insurance Exchange v. Lane*, 246 Md. 55, 227 A. 2d 231 (1966); *Beane v. Prince George's County*, 20 Md. App. 383, 315 A. 2d 777 (1974).

Rule 604 b provides a narrow exception to this rule:

> "b. *Bad Faith — Unjustified Proceeding — Delay.*
>
> In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, *or* (3) for purposes of delay, the court *shall require* the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees." (Emphasis added).

The plain meaning of the rule is that to award counsel fees under it the court must first make a finding that the proceeding is brought "... (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay". Once such a finding is made, the application of the rule becomes mandatory. *Waters v. Smith,* 277 Md. 189 (1976). Unless such a finding is made, counsel fees may not be awarded under it.

Cross-appellants argue that Judge Raine's remark, "I don't think there was a basis for a cause of action ...", was a finding by him, within the context of Rule 604 b, that the "proceeding was had ... without substantial justification"; therefore, it became his mandatory duty to award counsel fees. We do not agree. We think the chancellor's remark, coupled as it was with the further remark, "but if I had to award counsel fees in all such cases, that's all I would do", was merely recognition by him that, within the context of the rule, "without substantial justification" should not be interpreted to mean that the winning party is entitled to counsel fees simply because his opponent misconceived the legal basis upon which he sought to prevail. We do not interpret Judge Raine's remark as a finding that the Baltimore County proceeding was "without substantial justification" within the meaning of Rule 604 b so as to require an award of counsel fees.

Nor do we find that the chancellor was clearly erroneous

in *not* making such a finding in the circumstances. The proceeding in Baltimore County was filed at a time when the validity of the Anne Arundel County decree of 20 May 1974, was pending on appeal in this Court. Although the correctness of that decree is not before us,[1] we think the legal issue decided by Judge Wray was not so easy of resolution as to justify a finding that the bill of complaint was "without substantial justification". Indeed, Judge Wray characterized the issue as "[m]ore difficult" than a subsidiary issue in the case that he found "[e]asy to decide". Had the appellants prevailed in their Anne Arundel County suit with respect to the Anne Arundel County property, it would not, in our judgment, have been unreasonable for them to bring a similar proceeding in Baltimore County to establish in that county their title as remaindermen to the Baltimore County property as well, citing as a basis therefor the Anne Arundel County decree. The fact that they may have been overly confident of their position on appeal and filed the Baltimore County bill of complaint while the appeal was pending, does not mean that it was done "without substantial justification" within the meaning of Rule 604 b.

> *Decree of 23 December 1975 affirmed.*
> *Costs to be paid by appellants and cross-appellees.*

---

1. Nor did we decide its correctness in Hess v. Chalmers, 27 Md. App. 284.