COLONIAL CARPETS, INC. T/A THE CARPET BARN
*v.* CARPET FAIR, INC. T/A BILL'S
DISCOUNT CARPET BARN

[No. 1196, September Term, 1976.]

*Decided June 15, 1977.*

The cause was argued before GILBERT, C. J., and MOYLAN and MELVIN, JJ.

*Bernard L. Sweeney*, with whom were *Walter D. Ames* and *Watson, Cole, Grindle & Watson* on the brief, for appellant/cross-appellee.

*Shale D. Stiller*, with whom were *Peter F. Axelrad, Jonathan Eisenberg* and *Frank, Bernstein, Conaway & Goldman* on the brief, for appellee/cross-appellant.

GILBERT, C. J., delivered the opinion of the Court.

The practice of law may be poetically likened to sailing a ship. Constitutions, case law, and legislative enactments are to the lawyer what charts, buoys, and beacons are to the sailor. The compass, however, is generally agreed to be the most important navigational aid on ship. The Maryland Rules of Procedure are the lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with the Rules of Procedure before he files and tries a case.

Notwithstanding the importuning of the Court of Appeals and this Court that the rules of procedure are not to be considered as mere guides or Heloise's helpful hints to the practice of law but rather precise rubrics that are to be read and followed,[1] admonitions go unheeded by some practitioners. When that occurs, we are left to wonder whether we are engaged in an endless struggle, just as

---

1. Robinson v. Board of County Commissioners, 262 Md. 342, 278 A. 2d 71 (1971); Isen v. Phoenix Assurance Co., 259 Md. 564, 270 A. 2d 476 (1970); Pride Mark Realty, Inc. v. Mullins, 30 Md. App. 497, 352 A. 2d 866 (1976).

waves beat upon the shore, fall back and then repeat over and over *ad infinitum.*[2]

This appeal arises because trial counsel for the appellant, demonstrating a paucity of knowledge of Maryland procedure, frustrated the appellee, and so jumbled the orderly process that even the trial judge's compass went awry.

The basis of the appeal is an order of the Circuit Court for Prince George's County awarding appellee's counsel a fee of $4500 for services rendered subsequent to the voluntary dismissal of appellant's suit against the appellee for an injunction. Appellee has cross-appealed on the ground that the amount of the fee awarded its counsel is parsimonious. Additionally, the appellee has moved to dismiss the appellant's appeal on the ground that there was no compliance with Md. Rule 1028. For reasons that we shall hereafter discuss, we reverse the order of the circuit court and remand for further proceedings in accordance with this opinion. It follows that we deny the motion to dismiss.

The record discloses that this litigation, permeated with the ostensible acrimony of opposing counsel, commenced on December 4, 1974, with the filing of a Petition for Injunction by Colonial Carpets, Inc., t/a The Carpet Barn (Colonial) against Carpet Fair, Inc., t/a Bill's Discount Carpet Barn (Fair). The petition alleged that Fair had infringed upon Colonial's Maryland registered trade mark and name.[3] It prayed that Fair be enjoined from so doing and that Colonial be "assessed" money damage for the "loss of profits" it had sustained.

The petition was promptly met with a demurrer which, reduced to its common denominator, averred that the petition failed to state a cause of action. The circuit court

---

2. Based upon the "Forgotten War," a poem by P.T. Gilbert, in *Counterpoint. An Anthology of Modern Poetry,* (Idlewild, 1966), which describes tidal action as, "Wave after wave pounded the sand, A precisioned army of water. Attacking, retreating, attacking once more. * * * This ancient war is forever."

3. A trade mark or trade name registered with the Secretary of State of the State of Maryland pursuant to Md. Ann. Code art. 41, § 93 is viable for a ten year period. In the instant case, the registration expires June 29, 1981.

agreed with Fair's position and sustained the demurrer with leave to amend.

On March 7, 1975, the amended petition was filed. It took form in two counts. One reasserted the infringement by Fair upon Colonial's registered trade mark[4] and name. The second charged Fair with "deceptive and misleading" advertising through the use of the name "Carpet Barn" and unfair competition. Colonial requested that an injunction issue against the use of the trade name "Carpet Barn" by Fair and that there be an accounting by Fair of its "profits realized while operating under the name 'Bill's Discount Carpet Barn.'" Fair answered within the prescribed time and denied any infringement upon Colonial's trade name or mark.

For the ensuing time, March 26, 1975 to February 2, 1976, the parties engaged in legalistic sparring relative to discovery. During the discovery period, Colonial's counsel died and new counsel was substituted. The unmistakable bitterness of counsel toward each other, rather than diminishing, seemingly intensified.

Colonial sought a pretrial conference, Fair amended its answer to the petition by substantially embellishing it, and the case was set for trial on February 2, 1976.

At the outset of the trial, Colonial's counsel informed the judge that Colonial desired Fair to produce voluntarily alleged managers of three of Fair's stores, and a fourth person who was the president of the agency that handled Fair's advertising. Fair refused to comply with the request. Colonial then requested permission to put into evidence the depositions of the witnesses that were not present. Fair objected to that procedure because the witnesses were not parties to the suit, and no summons had been issued for their attendance. Md. Rule 413 a 3.

The trial judge suggested that Colonial's lawyer issue an order to the clerk for the summoning of three of the

---

4. Colonial Carpets, Inc., as registered in Maryland, is described in a certificate of the Secretary of State as a "Red Barn with the words, 'CARPET BARN' printed on the front, and also the name 'CARPET BARN.'"

witnesses with the idea that the sheriff could telephone the persons to be subpoenaed and so inform them, requesting their appearance.

The trial of the case started with the calling by Colonial of its president as the first witness. The witness was still undergoing direct examination when the court recessed for lunch. After the luncheon recess, Colonial's lawyer advised the court that he had been told by the sheriff's office that all the requested witnesses [5] were located outside of Prince George's County and that the sheriff was without jurisdiction to serve summons on them. Colonial, through its counsel, told the judge that, "it now appears highly unlikely that any of these four witnesses [6] will be subject to the service and will appear as witnesses today. I feel, therefore, that . . . [Colonial's] case will be seriously jeopardized, and that is a prime basis for our motion for a non-suit without prejudice."

Over the strenuous objection of the attorney for Fair, the judge granted the motion. In so doing, however, he read from Md. Rule 541 Pertaining to voluntary dismissal of an action at law and Md. Rule 582 which is concerned with similar dismissals in equity proceedings. The judge then said:

> "So, I'm going to grant your motion without prejudice. However, I'm going — and it can't be determined until the matter is finally resolved in your next jurisdiction where you file it, but I'm going to leave open the question of attorney's fees to the defendant in this case which may be allowed to be recoverable because we don't know how much of this that has transpired to date can be used in a new proceeding. If it is used in a new proceeding, well and good. If not, then I think the plaintiff should be held accountable therefor."

**5.** The order to the sheriff contained the names and addresses of the three alleged managers only. The advertising company official was not named in the order.

**6.** *But see* n. 5, *supra.*

A written order followed twenty-three days later. It provided in pertinent part:

> "ORDERED, that this Court is reserving the possibility of the award of attorney's fees to counsel for the defendant [Fair] until such time as the subject matter of the litigation is finally determined."

By so ordering, the trial judge cleared the ring for the main event which followed on April 7, 1976, when Fair's attorney filed in the circuit court a "Petition for Award of Counsel Fees" in the amount of sixteen thousand dollars ($16,000). The petition, bottomed on Md. Rule 604, recited the happenings up to and including the date of the aborted trial, February 2, 1976. Additionally, the petition contained the number of hours that Fair's counsel had devoted to the matter through February 2, 1976 and thereafter in the subsequent federal claim brought by Colonial against Fair.

The record shows that four (4) days after the voluntary dismissal in the Circuit Court for Prince George's County, Colonial instituted in the United States District Court for the Eastern Virginia District, Alexandria Division, a "Complaint for False Designation of Origin, Trademark Infringement and Unfair Competition." The suit embraced, in part, the infringement of Colonial's trademark which had been the subject of the Prince George's County litigation.

Two months later, April 6, 1976, a settlement was reached in the federal suit. By the terms thereof, Fair agreed to cease the use of the offending terms, "Bill's Carpet Barn" and "Bill's Discount Carpet Barn." A notice of dismissal "without prejudice" was subsequently filed in federal court by Colonial on April 12, 1976.

A hearing on the petition for counsel fees was held on August 10, 1976, before the original trial judge. The judge took the matter under advisement and rendered his "Opinion and Order of Court" on October 15, 1976. Both sides appealed. Colonial asserts that the trial court was wrong to award any fee to Fair's lawyers; Fair asserts the trial judge erred in not awarding fees to cover the labors of counsel

from the conception, by way of suit on December 4, 1974, to the abortion, by voluntary dismissal on February 2, 1976.

Although, as we have previously pointed out, Md. Rule 541 b, permits voluntary dismissal,[7] "upon such terms and conditions as the court deems proper," that authority has not been held to embrace the award of counsel fees.[8] Moreover, Rule 541 is limited in its scope to actions at law, Md. Rule 1 a, and as such would in any event have no application to the case *sub judice* which is an equity proceeding brought for the purpose of obtaining an injunction and accounting.

A semblance of Md. Rule 541 may be found in Md. Rule 582, which is applicable only to equity proceedings. Md. Rule 1 a. Md. Rule 582 authorizes a voluntary dismissal of an "action, claim, counterclaim, cross-claim, or third party claim only with leave of court." [9] The court shall specify in its order of dismissal, after an opportunity by any other party to object, whether the dismissal is with or without prejudice.[10] The dismissing party is held responsible for all costs or for those of the part that is dismissed, if less than all. Md. Rule 582 b. The rule does not even remotely suggest that counsel fees are part of the costs.

---

**7.** Subject to the condition that, "If a party has pleaded a counterclaim before service upon him of an opponent's motion for voluntary dismissal, the dismissal shall not be allowed over such party's objection unless the counterclaim can remain pending for independent adjudication by the court." Md. Rule 541 b.

**8.** Md. Rule 541 b "is virtually identical" to Federal Rule 41 (a) (2), Plater v. Kane Warehouse Co., 241 Md. 462, 468, 217 A. 2d 102, 106 (1966). Federal Rule 41 (a) (2) does permit the allowance of attorney's fees as a term or condition to voluntary dismissal. LeCompte v. Mr. Chip, Inc. 528 F. 2d 601 (5th Cir. 1976); Lunn v. United Aircraft Corporation, 26 F.R.D. 12 (D.C. Del. 1960). Maryland, however, has not extended the conditional voluntary dismissal to include more than costs. *See e.g.*, Williams v. Snyder, 221 Md. 262, 155 A. 2d 904 (1959); Crawford v. Richards, 193 Md. 236, 66 A. 2d 483 (1949); McQuaid v. United Wholesale Aluminum Supply Co., Inc., 31 Md. App. 580, 358 A. 2d 922 (1976); 3 *Poe's Pleading and Practice*, § 362 (6th ed. H.M. Sachs, Jr. 1975).

**9.** Byron Lasky & Associates v. Cameron-Brown Co., 33 Md. App. 231, 236, 364 A. 2d 109, 113 (1976) explains that the reason for requiring court approval of a voluntary dismissal "is to prevent unilateral dismissal of cases in which a defendant has acquired a right to affirmative relief."

**10.** The reason the court is required to specify that the dismissal is with or without prejudice is to eliminate the possibility of doubt. Byron Lasky & Associates v. Cameron-Brown Co., *supra*, 33 Md. App. at 236, 364 A. 2d at 113.

As a general rule, "legal fees incurred by the successful party" are not recoverable. *Empire Realty Co. v. Fleisher,* 269 Md. 278, 285, 305 A. 2d 144, 148 (1973). An attorney's fee, except for an appearance fee,[11] is not taxes as part of the costs in the absence of a statute specifically authorizing it.[12] *Empire Realty v. Fleisher, supra,* 269 Md. at 286, 305 A. 2d at 148. *See also, Glassman Construction Co., Inc. v. Maryland City Plaza, Inc.,* 371 F. Supp. 1154 (1974); *Hamilton v. Trundle,* 100 Md. 276, 59 A. 719 (1905); *Hess v. Chalmers,* 33 Md. App. 541, 365 A. 2d 294 (1976).

As with all general rules, there are exceptions. Counsel fees are permitted when the parties contract to pay a fee, *Mortgage Investors of Washington v. Citizens Bank and Trust Company of Maryland,* 278 Md. 505, 366 A. 2d 47 (1976) *aff'g* 29 Md. App. 591, 349 A. 2d 647 (1976), and under the provisions of some of the Md. Rules, such as Rule 604 [13] which provides:

"b. *Bad Faith . . . Unjustified Proceeding — Delay.*

In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without

11. In Baltimore City and some of the counties, appearance fees are collected by the clerk of the court and disbursed in accordance with Md. Cts. & Jud. Proc. Code Ann. § 7-204, for use in the improvement of the court library.

12. Some of those statutes are:

(1) Md. Real Prop. Code Ann. § 12-106 (b) (5) permits the trial court to fix a fee in a condemnation case, "if the judgment is for the defendant on the right to condemn." The same article, in § 12-107 (b), allows the trial court to award a fee to the defendant's counsel, "[i]f the final decision on appeal is that the plaintiff is not entitled to condemn the property." *See also* Md. Rule U25 b.

(2) Md. Est. & Trusts Code Ann. § 13-406 sanctions "a reasonable fee for an attorney" for his services in connection with the preparation of a petition for withdrawal by a trustee of money deposited under the provisions of the "Sub title 4. Recovery by a Minor in Tort."

(3) Md. Ann. Code art. 101, § 57 (The Workmen's Compensation Act).

(4) Md. Ann. Code art. 16, § 5A (counsel fees in child custody, support, visitation, or arrearages cases where "the financial status of both parties" and "substantial justification" permit. *See* Peterman v. Peterman, 14 Md. App. 310, 286 A. 2d 812 (1972)).

(5) Md. Ann. Code art. 88A, § 7 (b) authorizes a trial court to award fees for counsel representing the local governing authority in claims against public assistance recipients or their estates. The fees are deducted from the gross judgment and the net is paid over to the local authority.

13. For other rules concerning the award of attorneys' fees *see* Md. Rules 406 c, 414 b, 417 c 3, 421 d, 610 e, G52 c and d, S72 b, and V79 d.

substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees."

Fair's petition for a counsel fee was founded upon Rule 604 b. Indeed, absent that rule, under current law, there would be no basis for such petition. *Empire Realty Co. v. Fleisher, supra; Glassman Construction Co., Inc. v. Maryland City Plaza, Inc., supra.*

The rule, however, requires a finding by the trial court of one or more of three disjunctive factors, *i.e.,* that the "proceeding" was brought, maintained, or discontinued 1) in bad faith, *or* 2) without any substantial justification, *or* 3) for purposes of delay. Unless one of those three elements is found by the trial judge to be present in the case, Rule 604 b may not be used as a vehicle so as to award counsel fees to the other party's lawyer, at the expense of the allegedly offending party.

Once the trial court has made a finding that one of the three factors, bad faith, absence of substantial justification, or for purposes of delay, exists, then sanctions against the offender are mandatory. *Waters v. Smith,* 277 Md. 189, 197, 352 A. 2d 793, 797 (1976) *aff'g* 27 Md. App. 642, 342 A. 2d 8 (1975); *Hess v. Chalmers, supra,* 33 Md. App. at 545, 365 A. 2d at 296-97. Where, however, no such finding is made, the court may not invoke Rule 604 b. *Hess v. Chalmers, supra,* 33 Md. App. at 545, 365 A. 2d at 296-97.

In the instant case, the trial judge, in his written opinion in support of the order of October 15, 1976, neither referred to Rule 604 b nor made any finding necessary to trigger its *peine forte et dure.*[14]

We recognize that even in the absence of a specific reference to Rule 604 b, "Judges are presumed to know the law," *Hebb v. State,* 31 Md. App. 493, 499, 356 A. 2d 583, 587 (1976); *Samson v. State,* 27 Md. App. 326, 334, 341 A. 2d 817,

---

**14.** "Strong and severe punishment."

823 (1975); *See also Schowgurow v. State,* 240 Md. 121, 126, 213 A. 2d 475, 479 (1965) and to apply it correctly, *Hebb v. State, supra,* 31 Md. App. at 499, 356 A. 2d at 588. Nevertheless, when as here, there is, in the trial judge's opinion, not the slightest indication that he relied upon Rule 604 b, coupled with the fact that none of the findings required by that rule were made, the presumption yields to the clear inference that the judge either 1) failed to rely upon Rule 604 b, or 2) if he did rely upon it, he failed to make the requisite finding so as to impose validly the sanctions it authorizes.

We shall reverse the order awarding counsel fees and remand the matter to the trial court for its reconsideration in the light of this opinion. In view of our decision, it is unnecessary to consider the cross-appeal.

There yet remains for our consideration a motion by Fair that we dismiss Colonial's appeal for failure to comply with Md. Rule 1028 c 2. That section of the Rule, applicable to printed record extracts in civil cases that are appealed to this Court provides:

> "If the parties are unable so to agree [by way of stipulation on the parts of the record to be printed in the extract, Md. Rule 1028 c 1 ], then within ten days after the filing of the record in this Court the appellant shall deliver to the appellee a written statement of the parts of the record he proposes to include in the printed extract. Within ten days after the delivery of such statement by the appellant to the appellee, the appellee shall deliver to the appellant a written statement of any additional parts of the record the appellee desires to be included in the printed extract. Within ten days after the delivery of the appellee's statement to the appellant, the appellant may deliver to the appellee a statement of any additional parts of the record he proposes to include in the printed extract in view of the parts of the record designated in the statement of the appellee."

In this appeal, Colonial failed to deliver to appellee within 10 days of filing of the record a written statement of the parts of the record proposed to be printed, and thereby violated Rule 1028 c 2.

Pointing to the recent opinion of this Court in *Kemp-Pontiac-Cadillac v. S & M Construction Co., Inc.*, 33 Md. App. 516, 365 A. 2d 1021 (1976), Fair avers that we should dismiss the appeal. We decline to do so. We so decline because we believe *Kemp* to be inapposite factually to the case now before us. In *Kemp*, we observed six distinct violations of rules with respect to appeals. We noted that the "most egregious omission was appellant's failure to print page 193 of the transcript, skipping from page 192 to page 194, without designating the omission in any way and withholding from the court the testimony of the vice president of the appellee that it was *not* his intention to discount the note of the corporate appellant. . . ." 33 Md. App. at 523, 365 A. 2d at 1025. The seemingly attempted deception, if successful, could have resulted in a decision of this Court based on a false premise thereby causing undue damage to an innocent party. We were astounded at the omission of part of the transcript without explanation as to why it was omitted or even a reference to the fact that it had been omitted. That fact, more than anything else, led us to exercise our discretion in such a manner as to dismiss the appeal.

The instant case, however, does not present the "egregious omission" that we found in *Kemp*. The failure of Colonial's counsel to comply with Md. Rule 1028 c 2, does not appear to us, under the circumstances of this case, to be of such magnitude as to require a summary dismissal of the appeal. We think what the Court of Appeals opined in *Anderson v. Null*, 215 Md. 476, 482, 138 A. 2d 875, 878 (1958) to be especially appropriate to this case.

> "While we do not wish to condone failure to observe the rules, we do not think that the appellants' derelictions were so serious as to call for a

dismissal of the appeal. Dismissal is not mandatory for these deficiencies."

Colonial acknowledges it "may have been slightly remiss in not directly informing counsel for . . . Fair in writing of its belief that the entire record would have to be printed. . . ." Our feeling is somewhat stronger. While we shall not dismiss the appeal for failure to comply with Md. Rule 1028 c, we shall impose an economic sanction for the failure. Thus, pursuant to Md. Rule 1082, we shall apportion the costs so as to impress upon Colonial the necessity for adhering to the Rules of Procedure.

> *Motion to dismiss appeal denied; order awarding counsel fees reversed and case remanded for further proceedings; appellant to pay two-thirds of the costs, appellee to pay one-third of the costs.*