Yvonne WHICHARD, et al., Plaintiffs,

v.

SPECIALTY RESTAURANTS
CORPORATION,
Defendant.

No. CIV.A.RWT–03–597.

United States District Court,
D. Maryland.

April 8, 2004.

Justin Gregory Nunzio, Patrick J. Christmas, Patrick J. Christmas and Associates PC, Silver Spring, MD, for Plaintiffs.

Edward J. Lopata, Scott Anthony Thomas, Tydings and Rosenberg LLP, Baltimore, MD, for Defendant.

## OPINION

TITUS, District Judge.

This is an action in which the Plaintiffs have sued the Defendant, the operator of a nightclub known as the 94th Aero Squadron, for injuries allegedly inflicted upon them by an unknown person. The Plaintiffs describe themselves as paying customers who were lawfully on the premises of the 94th Aero Squadron and who were assaulted by an "unsafe and dangerous person." Compl. ¶ 4. They contend that the Defendant had a duty, which it allegedly breached, to "prevent [sic] individuals from violent assaults" and "eliminate ... patrons who have consumed too much alcohol and/or engage in otherwise dangerous behavior, so as to avoid the assault and/or injuries suffered by" Plaintiffs. *Id.*

On February 2, 2004, this Court entered an Order granting in part and denying in part the Defendant's Motion to Strike Plaintiffs' Witness List and Rule 26(a)(2) Statement. *See* Paper No. 33. In the Order of February 2, the Court observed that the Plaintiffs had "disregarded their disclosure obligations with respect to experts established under Federal Rules 26(a)(2) and 16, disregarded the Scheduling Order of this Court entered on August 21, 2003,[1] and have offered no justification, excuse or 'excusable neglect' for their failure to do so. The result has been detrimental to the orderly processes of this Court and prejudicial to the opposing party."

Unfortunately, the failure of the Plaintiffs to comply with the Federal Rules of Civil Procedure and the local rules of this Court has continued, unabated. On March 15, 2004, the Plaintiffs, without seeking leave of court as required by Federal Rule of Civil Procedure 15, filed an Amended Complaint (Paper No. 35) seeking to add the Maryland–National Capital Park and Planning Commission as a party defendant. On March 24, 2004, the Plaintiffs, apparently realizing their procedural oversight, filed a Motion for Leave to File an Amended Complaint (Paper No. 36). Their Motion cited Federal Rule of Civil Procedure 15, but disregarded entirely the provisions of Local Rule 103.6 of this Court, including the requirements that a clean copy of the proposed Amended Complaint and a copy with amendments highlighted be filed, and without containing the required statement as to whether the consent of the other counsel had been obtained. On the same date, the Plaintiffs filed a Motion for Extension of Time to Complete Discovery (Paper No. 37), arguing that additional discovery was needed as a result of their addition of the Maryland–National Capital Park and Planning Commission as a Defendant. On March 24, 2004, the Defendant filed a Motion to Strike Amended Complaint and for Sanctions (Paper No. 38), and the Plaintiffs filed an Opposition (Paper No. 39), as a result of which all outstanding matters are now ripe for consideration and decision by the Court.

Local Rule 701.1.(a) provides that a member of the bar should be familiar with the Federal Rules of Civil Procedure and the Local Rules. On August 21, 2003, this Court entered a Scheduling Order (Paper No. 14), the contents of which appear not to have been of any significant concern to counsel for the Plaintiffs, whose earlier disregard of requirements with respect to the disclosure of experts was chronicled in this Court's Order of February 2, 2004 (Paper No. 33). The Scheduling Order issued on August 21, 2003, specifically required that any motion for the joinder of additional parties or amendment of pleadings be filed on or before October 6, 2003. The Plaintiffs did not do so, nor did they file a motion prior to that date seeking an extension.

Where, as here, a motion for extension of a court-ordered deadline is filed long after the date specified in the Court's Scheduling Order, the provisions of Rule 6(b)(2) of the Federal Rules of Civil Procedure require a demonstration that the failure to act within

---

**1.** The Court notes that a Consent Order to Modify the Scheduling Order was filed on December 22 which sought only to extend the discovery deadline of January 5, the deadline for request for admissions of January 12 and the dispositive pretrial motions deadline of February 2. No effort was made to extend the time for the filing of motions to amend the pleadings or to add additional parties.

the time required was the result of "excusable neglect." In their Motion for Leave to File an Amended Complaint, the Plaintiffs do not even address the "excusable neglect" standard, disregard the provisions of Local Rule 103.6 concerning the amendment of pleadings, and cite only to the language of Rule 15 of the Federal Rules of Civil Procedure stating that "leave shall be freely given when justice so requires." Paper No. 36, ¶ 5, p. 2.

In their Opposition to the Defendant's Motion to Strike Amended Complaint and for Sanctions (Paper No. 39), the Plaintiffs concede that they filed an Amended Complaint "without the required accompanying motion" (¶ 1), but complain, in ¶ 2, that the Defendant's counsel "failed to inform the court that Plaintiffs filed the Amended Complaint because defense counsel informed plaintiffs' counsel at the February 2, 2004, hearing that the Maryland–National Capital Park and Planning Commission may be the owner of the property on which the assault in this case took place." They go on to note that the Defendant had contended that it does not own the property on which the assault in this case occurred and "refuse to give any information as to why it contends it does not own the property on which this assault occurred." [2]

Denial of ownership of the property was asserted by the Defendant in its Answer served by mail on the Plaintiffs over a year ago on February 28, 2003, and filed with the Clerk of the Circuit Court for Prince George's County prior to the removal of the matter to this Court and the docketing thereof in this Court on March 4, 2003 (Paper No. 5). The Plaintiffs were on notice, at least as early as March 4, 2003, when all State court pleadings were lodged in this Court, that ownership of the property was denied by the Defendant.

■ When invoking the jurisdiction of a court, responsible counsel is required to make reasonable inquiry to determine whether a factual basis exists for the contentions contained in a pleading. It is obvious that, in this case, the Plaintiffs' counsel neither "strained very hard, nor looked very far"in an effort to ascertain the ownership of the property on which the assault in question took place, something that should have been determined before the Complaint was filed. *Montgomery County Council v. Leizman,* 268 Md. 621, 633, 303 A.2d 374, 380 (1973). Ownership of the property in Maryland is readily ascertainable from an examination of widely-accessible public records, and this member of the Court was able, in less than sixty seconds, to locate on the Internet [3] the identity of the owner of the 94th Aero Squadron nightclub located at 5240 Paint Branch Parkway, College Park, Maryland 20740. As can be seen by readily available public information, the premises known as 5240 Paint Branch Parkway is referred to as Parcel A of Kropp's Addition to College Park, is owned by the Maryland–National Capital Park and Planning Commission, and is leased, presumably to the Defendant. This information was readily available to the Plaintiffs before they filed their action, and surely their curiosity should have been tweaked by an answer filed over a year ago which denied ownership of the property.

To disregard the Scheduling Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court, and now seek to reopen discovery at this late date is wholly unwarranted under the circumstances of this case. There has been no demonstration of excusable neglect by the Plaintiffs. Instead, they have demonstrated not only a persistent unwillingness to read or follow applicable procedural rules, but also they have failed to conduct a reasonably adequate factual investigation prior to the filing of an action, or to make reasonable public inquiry when ownership of the premises at issue was disputed by the Defendant.

In a similar context, the late Chief Judge Richard Gilbert of the Court of Special Appeals of Maryland noted that procedural

---

**2.** The Court notes, from a review of the docket, that the Plaintiffs have at no time filed any Motion to Compel Discovery seeking any information allegedly withheld by the Defendant.

**3.** http:// sdatcert3.resiusa.org/rp_rewrite/results.asp? streetNumber=5240 & streetName= paint+branch & county=17 & intMenu=2 & SearchType=Street & submit4=SEARCH

rules are "the lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with" the applicable procedural rules before filing and trying a case. *Colonial Carpets, Inc. v. Carpet Fair, Inc.,* 36 Md.App. 583, 584, 374 A.2d 419, 420–21 (1977). Chief Judge Gilbert went·on to lament that notwithstanding the importuning of appellate courts that the "rules of procedure are not to be considered as mere guides or Heloise's helpful hints to the practice of law, but rather precise rubrics that are to be read and followed, admonitions go unheeded by some practitioners. When that occurs, we are left to wonder whether we are engaged in an endless struggle, just as waves beat upon the shore, fall back and then repeat over and over ad infinitum." *Id.* at 584–85, 374 A.2d at 421.

■■■ The Court declines the Plaintiffs' belated invitation to allow amendment of the Complaint and the addition of a new party at this late date, something that would substantially delay and complicate proceedings that already have been unduly prolonged. In any event, there appears to be little, if any, basis upon which the Plaintiffs could assert any claims against the Commission in its capacity as landlord of the property upon which the Defendant conducts its restaurant business. There is no colorable basis for the assertion that the Commission, in its capacity as an absentee landlord, has any "special relationship" with the Plaintiffs. In the absence of a special relationship that would implicate a higher duty of care, there is simply no duty under Maryland law for the owner of a premises to protect business invitees from unforeseen acts of third parties. *Bias v. IPC Int'l Corp.,* 107 F.3d 865, 1997 WL 100925 (4th Cir.1997); *Tucker v. KFC Nat'l Mgmt. Co.,* 689 F.Supp. 560 (1988); *Lumpkins v. United States,* 187 F.Supp.2d 535 (D.Md.2002); *Smith v. Dodge Plaza Limited Partnership,* 148 Md.App. 335, 811 A.2d 881 (2002).

■■■ The disregard by the Plaintiffs for procedural rules and orders of this Court is not limited to the circumstances set forth above. This Court's Scheduling Order mandated not only that discovery be completed by January 5, 2004 (later extended to April 5, 2004), but also required the submission of a Status Report on the same date. This Court's Scheduling Order contemplated that such a document would be submitted jointly by the parties, but the Plaintiffs failed to do so. The Defendant, however, has filed a Status Report. In that report, the Defendant notes that discovery was not completed as a result of the announced intention of the Plaintiffs to pursue the addition of a third party, whose participation in depositions would be necessary if the case were to proceed against an additional Defendant. The position of the Defendant is understandable and, while the Court will not grant the Plaintiffs' Motion to Extend Discovery, it will, on its own motion, modify the Scheduling Order so as to permit the cancelled depositions to take place.

For the foregoing reasons, the Court will, by separate Order, deny the Plaintiffs' Motion for Leave to File an Amended Complaint (Paper No. 36), deny the Plaintiffs' Motion to Extend Discovery (Paper No. 37), grant the Defendant's Motion to Strike Amended Complaint (Paper No. 38) and, on its own motion, extend the period for the completion of discovery and the submission of a further Status Report to June 4, 2004, extend the deadline for the submission of request for admissions to June 11, 2004, and extend the deadline for the filing of dispositive motions to July 2, 2004.

### ORDER

Upon consideration of Plaintiffs' Motion for Leave to File an Amended Complaint (Paper No. 36), Plaintiffs' Motion for Extension of Time to Complete Discovery (Paper No. 37), and the Defendant's Motion to Strike Amended Complaint and for Sanctions (Paper No. 38), and the Oppositions thereto, it is, for reasons stated in the accompanying Opinion, it is, this 8th day of April, 2004, by the United States District Court for the District of Maryland,

ORDERED, that the Plaintiffs' Motion for Leave to File an Amended Complaint (Paper No. 36) is hereby DENIED; and it is further,

ORDERED, that the Plaintiffs' Motion for Extension of Time to Complete Discovery (Paper No. 37) is hereby DENIED; and it is further

ORDERED, that the Defendant's Motion to Strike Amended Complaint and for Sanctions (Paper No. 38) is hereby GRANTED; and it is further

ORDERED, that the time for the completion of discovery and submission of a Status Report is extended to June 4, 2004; and it is further

ORDERED, that the deadline for the submission of request for admissions is extended to June 11, 2004; and it is further

ORDERED, that the deadline for the filing of dispositive motions is extended to July 2, 2004.