Kenneth GROSS, et al., Plaintiffs,

v.

SES AMERICOM, INC,
et al., Defendants.

No. CIV.A. RWT 03–102.

United States District Court,
D. Maryland,
Southern Division.

Nov. 18, 2004.

Mark Douglas Colley, Lynn Estes Calkins, Holland and Knight LLP, Washington, DC, for Plaintiffs.

Robert P. Parker, Paul Weiss Rifkind Wharton And Garrison, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

TITUS, District Judge.

This is a case involving the sale of a business, the essential details of which are described in the opinion of this Court in *Gross v. SES Americom, Inc.,* 307 F.Supp.2d 719 (D.Md.2004). The case now comes before the Court upon review of the parties' motions for summary judgment. On August 11, 2004, the Court entered an order requiring that the parties file any dispositive motion by October 8, 2004, any opposition to any dispositive motion by October 29, 2004 and any reply memorandum by November 12, 2004. The August 11, 2004 order maintained a previously scheduled hearing date on all dispositive motions of November 22, 2004 at 10 a.m.[1]

On October 8, 2004, Defendants filed a Motion For Partial Summary Judgment as to Count I of the Amended Complaint. The motion was accompanied by a memorandum fifty (50) pages in length. On the same day, Plaintiffs filed not one, but four, separate motions for summary judgment on the following counts of the Amended Complaint: Count I (fifty pages), Count II (thirty-eight pages), Count IV (nine pages) and Counts V and VI (thirty-two pages). On October 29, 2004, Plaintiff filed a fifty page memorandum

---

1. The August 11, 2004 order was the latest in a series of orders modifying the schedule in this case.

in opposition to Defendants' Motion For Partial Summary Judgment. On the same day, Defendants filed separate and lengthy memoranda in opposition to each of Plaintiffs' motions for summary judgment. On November 12, 2004, Plaintiffs and Defendants filed reply memoranda in support of their respective motions. In total, the Court received one hundred seventy five (175) pages of memoranda in support of the parties' motions for summary judgment, one hundred eighty five (185) pages of memoranda in opposition and one hundred ten (110) pages of reply memoranda from the parties.

Local Rule 105.3 mandates that, unless otherwise ordered by the Court, memoranda in support of or in opposition to a motion *"shall not exceed fifty pages,* and reply memoranda *shall not exceed twenty-five pages."* (emphasis added). Furthermore, when more than one party intends to file a motion for summary judgment, Local Rule 105.2.c requires that counsel agree among themselves who will file the first motion. After the first party has filed the motion, the other party is directed to file a cross-motion "accompanied by a *single memorandum* (both opposing the first party's motion and in support of its cross-motion), the first party shall then file an opposition/reply, and the second party may then file a reply." L.R. 105.2.c. (emphasis added).

It is apparent that both parties in this case have proceeded with indifference to this Court's Local Rules. Without leave of Court, Plaintiffs filed four separate motions for summary judgment and memoranda in support, one of which reached the fifty page limit on its own. However, Plaintiffs are not alone in their disregard for the rules. Instead of filing a single memorandum in support of their cross-motion for summary judgment and in opposition to Plaintiffs' motions, as required by Local Rule 105.2.c., Defendants filed two memoranda—one in support of its cross-motion and one in opposition to Plaintiffs' motion for summary judgment as to Count I.

The Court recognizes that the relative complexity of a case may necessitate that the parties be permitted to file memoranda in excess of the page limits prescribed in the Local Rules of this Court; however, neither party in this case filed a motion to authorize the filing of memoranda in excess of the page limits. Instead, both parties circumvented the rules, the Plaintiffs by filing four motions for summary judgment, rather than one, (each with accompanying memoranda), thereby quadrupling the page limits, and the Defendants, by ignoring Local Rule 105.2.c., doubled the number of allowable pages.

A court's rules are " 'the lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with' the applicable procedural rules before filing and trying a case." *Whichard v. Specialty Restaurants Corp.,* 220 F.R.D. 439, 442 (D.Md. 2004) (quoting *Colonial Carpets, Inc. v. Carpet Fair, Inc.,* 36 Md.App. 583, 584, 374 A.2d 419, 420–21 (1977)). Moreover, the "rules of procedure are not to be considered as mere guides or Heloise's helpful hints to the practice of law, but rather precise rubrics that are to be read and followed, admonitions go unheeded by some practitioners. When that occurs, we are left to wonder whether we are engaged in an endless struggle, just as waves beat upon the shore, fall back and then repeat over and over ad infinitum." *Id.* at 442.

For the reasons explained below, the Court directs both parties to re-file their memoranda in accordance with the Local Rules. On its own motion and in light of the apparent complexity of this case, any memorandum in support of any motion for summary judgment and any memorandum in opposition to any motion for summary judgment may be seventy-five (75) pages in length. Only a single memorandum may be filed by the Plaintiffs in support of their four motions for summary judgment. Any reply memorandum may be thirty-five (35) pages in length. This directive is *not* an opportunity for the parties to modify their arguments and the parties are expressly forbidden from making any new, additional or modified arguments in their memoranda. The Court only requires the parties to con-

dense their memoranda into a more concise format that complies with the rules of this Court. Furthermore, the parties are not to file any additional or amended exhibits.

To be perfectly clear, the Court expects to receive a total of four memoranda as follows: one memorandum in support of Plaintiffs' four motions for summary judgment; one memorandum in support of Defendants' motion for summary judgment and in opposition to all of Plaintiffs' motions; one reply memorandum in support of Plaintiffs' motions for summary judgment and in opposition to Defendants' motion; and one reply memorandum in support of Defendants' motion. The parties are directed to file all of these memoranda on the same day, December 8, 2004.

The Court takes these actions reluctantly, but out of sheer necessity. The Local Rules of this Court are designed to provide for a consistent and logical briefing system that allows the Court to analyze and dispose of important matters fairly and efficiently. When, however, an unauthorized deluge of paper occurs, the Court is disabled in its ability to function in fairness to both sides. Matters of equal or greater complexity have been briefed within the reasonable limitations established by our local rules, but the Court nevertheless will, on its own motion, increase substantially the allowable page limits. It will not, however, permit an unauthorized flood that would permit the Court to navigate, if at all, only with the aid of a periscope. Accordingly, the Court directs the filing of memoranda conforming to this Memorandum Opinion and will continue the scheduled hearing on the parties' motions for summary judgment from November 22, 2004 until January 12, 2005 at 9:00 a.m. The hearing will last four hours. A separate Order follows.