**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY M. ALEXANDER,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 93-1818

MARYLAND LOTTERY AGENCY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-93-973-S)

Argued: June 3, 1996

Decided: July 11, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
MACKENZIE, Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alex Young Kyong Oh, WACHTELL, LIPTON, ROSEN
& KATZ, New York, New York, for Appellant. Joan Ellen Quigley,
Assistant Attorney General, Baltimore, Maryland, for Appellee. **ON
BRIEF:** J. Joseph Curren, Jr., Attorney General of Maryland, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mary Alexander appeals a decision of the district court dismissing her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e to 2000e-17 (West 1994), and 42 U.S.C.A. §§ 1983, 1985 (West 1994) on the basis that they were barred by principles of res judicata. See Fed. R. Civ. P. 12(b)(6). Because we determine that Ross v. Communications Satellite Corp. , 759 F.2d 355 (4th Cir. 1985), abrogated on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), dictates the conclusion that Maryland state courts would not have given preclusive effect to the prior state proceedings on which the district court based its decision, we reverse and remand for further proceedings.

I.

Alexander, a black female, was employed by Appellee Maryland Lottery Agency (MLA) from 1984 until December 1991. At the time of her termination, Alexander held a supervisory position. In January 1991, Alexander began to experience difficulty with her fellow employees; she attributed these difficulties to "a hostile working environment created by the offensive and unwanted sexual comments from her co-workers and supervisor." (Appellant's Br. at 3.) MLA, in contrast, viewed Alexander's problems as arising from her incompetence as a manager.

Eventually, MLA sought to discharge Alexander on the basis that she was "incompetent or inefficient in the performance of [her] duty," Md. Regs. Code tit. 06, § 01.01.47(A) (1994), had "violated [a] lawful official regulation or order," Md. Regs. Code tit. 06, § 01.01.47(D) (1994), and was "wantonly offensive in [her] conduct toward fellow employees," Md. Regs. Code tit. 06, § 01.01.47(E) (1994). Alexander contested the discharge under Maryland's Employee Merit System,

2

and a hearing was held before an administrative law judge (ALJ) to determine whether Alexander had, in fact, violated the Maryland regulations. The ALJ determined that MLA had proved its case with respect to each of the alleged violations, noting that "[t]he evidence was overwhelming that [Alexander] was a difficult, uncooperative, tactless, even abusive manager who also lacked compe[ ]tence." (J.A. at 43.) The ALJ rejected Alexander's claim that the complaints against her were the product of collusion among her subordinates:

> "[I am] mindful that disgruntle[d] employees may sometimes unite in a concerted effort to retaliate against a supervisor who insist[s] they perform their duties in strict accordance with rules and regulations. However, in this case, [I] would have to engage in a willing suspension of disbelief to subscribe to such a conspiracy theory.

(J.A. at 43.) Alexander appealed her dismissal to the Circuit Court of Anne Arundel County. The appeal was dismissed with prejudice, however, after Alexander failed to comply with certain procedural requirements.

During the pendency of the above-described proceedings, Alexander filed a complaint with the Maryland Human Relations Commission (MHRC) alleging discrimination on the basis of race and sex as well as unlawful retaliation. After an investigation, the MHRC determined that Alexander's charges were meritless. Alexander then filed a complaint with the Equal Employment Opportunity Commission, which issued a right-to-sue letter. Alexander subsequently filed the instant lawsuit. The district court dismissed Alexander's complaint, concluding that "the dismissal, with prejudice, of plaintiff's appeal of the state court challenge to her employment termination gives the issues litigated therein preclusive effect, under Maryland law, for the purposes of the present lawsuit." (J.A. at 106.) We review de novo the district court's dismissal of Alexander's complaint. Biggs v. Meadows, 66 F.3d 56, 59 (4th Cir. 1995).

II.

Alexander raises three alternative challenges to the district court's decision. Alexander first maintains that the ALJ's ruling is an "unre-

3

viewed" determination of a state agency and is not entitled to preclusive effect under University of Tennessee v. Elliott, 478 U.S. 788, 796 (1986) (holding that unreviewed state administrative proceedings do not have preclusive effect in subsequent Title VII actions), and Dionne v. Mayor & City Council of Baltimore, 40 F.3d 677, 685 (4th Cir. 1994) (holding that unreviewed state administrative proceedings do not have claim preclusive effect in subsequent § 1983 actions). Recognizing that this argument depends upon a conclusion that the circuit court's dismissal with prejudice of Alexander's appeal from the ALJ's decision does not constitute "review" of the ALJ's decision, Alexander next argues that even if the state court's dismissal constitutes review of the ALJ's decision, dismissal of her federal action was nevertheless improper because Maryland courts do not give preclusive effect to a dismissal for abandonment. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466, 478 (1982) (holding in context of Title VII action that federal courts must give state court judgments the same preclusive effect they would be given in the state that issued the judgment); see also McQuaid v. United Wholesale Aluminum Supply Co., 358 A.2d 922, 926 (Md. Ct. Spec. App. 1976) (holding that "a judgment of non pros . . . is without prejudice to file another suit based on the same cause of action"). Third, Alexander argues that even if Maryland courts would give preclusive effect to a dismissal for abandonment under some circumstances, this court's holding in Ross requires us to conclude that no preclusive effect would be accorded to the state court judgment at issue here.

We do not address Alexander's first and second arguments because Ross requires reversal. In Ross, we addressed the question of whether Maryland courts would give preclusive effect to a state administrative agency's denial of unemployment compensation in a subsequent discrimination suit. "[U]nder Maryland law," we concluded, "a judicial determination by one administrative agency is not binding on another adjudicator `which is seeking to determine an apparently identical issue under a different statute,' so long as there exist `substantial differences' between the statutes themselves." Ross, 759 F.2d at 361-62 (citation omitted) (quoting Cicala v. Disability Review Bd., 418 A.2d 205, 211, 212 (Md. 1980)). Applying Cicala, we determined that an administrative determination under Maryland's unemployment insurance law did not preclude a subsequent Title VII action because the enforcement mechanisms, purposes, and standards of recovery of the

4

two statutes "manifest[ed] substantial differences" between them. Id. at 362.

Here, as in Ross, significant differences exist between Maryland's Employee Merit System, pursuant to which Alexander's termination proceedings were conducted, and the federal statutes upon which her discrimination claims are based. For example, one of the purposes the Employee Merit System is to set standards of employment for all state employees, see State Admin. Bd. of Election Laws v. Billhimer, 531 A.2d 1298, 1304 (Md. Ct. Spec. App. 1987), rev'd on other grounds, 548 A.2d 819 (Md. 1988), while anti-discrimination statutes such as Title VII seek "to achieve equality of employment opportunities and remove barriers that have operated in the past." Ross, 759 F.2d at 362 (internal quotation marks omitted). In short, "while a Maryland administrative adjudicator is concerned with forbidden conduct on the part of the employee, Title VII directs the factfinder's attention to a forbidden motive on the part of the employer." Id. (second and fourth emphasis added). Bound by precedent, we conclude that Maryland courts would not give preclusive effect to the ALJ's decision regarding Alexander's termination. Accordingly, we reverse and remand for further proceedings.

REVERSED AND REMANDED

5