**Howard M. MOORE, Plaintiff**

v.

**BOARD OF EDUCATION FOR TALBOTT COUNTY, et al., Defendants.**

**No. CA–97–3178–AMD.**

United States District Court, D. Maryland.

Jan. 27, 1999.

James Charles Strouse, Law Office, Columbia, MD, for Howard M. Moore, Jr.

Rochelle S. Eisenberg, Gail Diane Allen, Blum, Yumkas, Mailman, Gutman & Denick, P.A., Baltimore, MD, for Board of Education for Bd. of Educ. for Talbott County, J. Samuel Meek, John Masone.

## MEMORANDUM

DAVIS, District Judge.

Plaintiff, Howard M. Moore ("Moore"), a former public high school teacher, initiated this action against defendants Board of Education for Talbott County, Maryland, the superintendent of Education for Talbott County, J. Samuel Meek, and another Board employee, John Masone (together "the Board"), alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and state law claims. Pending before the court are the parties' cross-motions for summary judgment. The parties have fully briefed the issues presented. For the reasons set forth below, I shall deny plaintiff's motion for summary judgment and grant the defendants' motion for summary judgment as to the age discrimination claim. I decline to ex-ercise supplemental jurisdiction over the state law claims and they shall be dismissed without prejudice.

(i)

Although his early career (starting in 1967) as an employee of the Board was uneventful, Moore's tenure was troubled in his last years. In 1993, after he was demoted, he instituted race discrimination claims in this court against the Board and certain individuals. Judge Black granted the defendants' motion for summary judgment on February 13, 1994. *See Moore v. Talbott County Board of Education,* Civ. No. B 93–400. Moore's appeal to the United States Court of Appeals for the Fourth Circuit was dismissed.

During the pendency of his earlier case in this court, Moore received criticisms of his teaching skills and ability from parents. Starting no later than the fall of 1994, in part as a result of such complaints, Moore came under the strict scrutiny of his superiors in respect to his performance as a classroom teacher of mathematics. The Board conducted a series of evaluations, which included independent assessments of his classroom and out-of-classroom performance, and Moore was accorded opportunities to improve his performance. Eventually, in January 1996, after Moore refused to retire, Superintendent Meek recommended his termination on the ground of incompetence.

Moore appealed his termination pursuant to state law, and in June 1996, the Board held a two-day hearing. The parties were represented by counsel and presented witnesses and cross-examined opposing witnesses. By written decision and order of July 24, 1996, the Board sustained the recommendation of dismissal.

Moore, represented by counsel and pursuant to state law, appealed the Board's decision to the Maryland State School Board. An administrative law judge assigned by the state Office of Administrative Hearings conducted a de novo hearing in February 1997. In June 1997, by written

**670**

decision and order, the ALJ recommended to the Maryland State Board of Education that Moore's discharge be sustained. In September 1997, the 11–member State Board of Education unanimously adopted the ALJ's recommendation and sustained the Board's discharge decision.

Moore, represented by counsel, appealed the decision of the State Board of Education to the Circuit Court for Talbott County. The circuit court dismissed the appeal in April 1998, apparently on the ground of procedural default. Moore, represented by counsel, appealed the circuit court's dismissal of his appeal to the Maryland Court of Special Appeals. The Court of Special Appeals dismissed the appeal in August 1998. Moore, represented by counsel, filed an application for certiorari in the Maryland Court of Appeals, which was denied on January 14, 1999.[1]

In the meantime, Moore had exhausted his administrative remedies under the ADEA. Recognizing that judicial review of the issue of Moore's competency, over which the state education authorities exercised primary jurisdiction, could be determinative of his federal discrimination claim, I stayed the adjudication of the pending summary judgment motions pending the outcome of Moore's appeals. As set forth above, any chance of judicial review on the merits of Moore's discharge is now foreclosed.

(ii)

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material for purposes of summary judgment, if when applied to the substan-

tive law, it affects the outcome of the litigation. *Id.* at 248, 106 S.Ct. 2505. Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir.1991). Moreover, the facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Poller v. Columbia Broadcasting Sys., Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The court, however, has an affirmative obligation to prevent factually unsupported claims from proceeding to trial. *See Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987).

(iii)

■ Under the ADEA, it is unlawful for an employer to terminate an employee

---

1. The documents (including correspondence of counsel), not otherwise in the record, which trace the procedural history of Moore's

unsuccessful appeals in state court, have been placed in the official court file.

on the basis of the employee's age. 29 U.S.C. § 623(a)(1). In order to prevail on an ADEA claim, however, a plaintiff must prove that "but for the employer's motive to discriminate against the employee because of the employee's age ... the employee would not have suffered the [adverse employment] action." *Caussade v. Brown,* 924 F.Supp. 693, 699 (D.Md.1996) (quoting *Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992), *cert. denied,* 507 U.S. 918, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993)), *aff'd,* 107 F.3d 865, 1997 WL 82622 (4th Cir.1997). A plaintiff may prove his case in one of two ways. First, he may rely on direct evidence or indirect evidence of sufficient probative force to support an inference of discrimination. *Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845, 847–48 (4th Cir.1988). Second, he may prove his case of intentional discrimination by using the burden-shifting proof scheme originally formulated for Title VII cases, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and subsequently adapted for ADEA cases, *see Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 239 (4th Cir.1982).

 Moore has no direct evidence of the existence of a discriminatory motive. Moreover, his efforts to prove his ADEA claim under the *McDonnell Douglas* proof scheme is also unavailing. The *McDonnell Douglas* proof scheme places the initial burden of production on the plaintiff to make out a *prima facie* case of discrimination by establishing that (1) the employee was a member of the protected group, i.e., over the age of 40; (2) he suffered an adverse employment action; (3) he was at the time meeting his employer's legitimate expectations; and (4) he was replaced by someone substantially younger or outside the protected group. *See O'Connor,* 517 U.S. at 312, 116 S.Ct. at 1310 (replacement worker must be *substantially* younger

than the plaintiff); *Caussade,* 924 F.Supp. at 699.

 Once the plaintiff establishes a *prima facie* case, a presumption of discrimination arises and the burden of production is placed on the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citing *Burdine,* 450 U.S. at 254, 101 S.Ct. 1089). Because the employer's burden is one of production and not of persuasion, the employer "is not required to prove absence of a discriminatory motive, but merely to articulate some legitimate reason for its action." *Clay Printing,* 955 F.2d at 941 (quoting *E.E.O.C. v. Western Elec. Co. Inc.,* 713 F.2d 1011, 1014 (4th Cir.1983)). If the employer meets this burden, the presumption of discrimination is eliminated, and the plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the employer's nondiscriminatory reasons are pretextual and that the adverse employment action was taken because of the employee's age. *Hicks,* 509 U.S. at 510–12, 113 S.Ct. 2742; *Burns v. AAF–McQuay, Inc.,* 96 F.3d 728, 732 (4th Cir.1996); *Henson,* 61 F.3d at 275; *see also Brumback v. Callas Contractors, Inc.,* 913 F.Supp. 929, 941 (D.Md.1995).

 Moore hypothesizes that the Board, and Meek as its agent, concocted a plan to force the retirement of older, better-paid teachers, who would be replaced by younger, less-well-paid newcomers. The admissible evidence of such a scheme is scant, at best, and would not support a rational conclusion that it existed in fact. In any event, the evidence in the record, which includes the record evidence of Moore's unsuccessful appeal of his termination within the administrative apparatus of Maryland's public education scheme, forecloses his effort to prove that he was "meeting his employer's legitimate expectations," an essential element of his prima

facie case. I have carefully reviewed the record and it is clear that no reasonable juror could rationally find that Moore was satisfactorily and competently performing his duties. The evidence before this court, like the evidence before the ALJ in Moore's appeal of his termination, shows overwhelmingly "[Moore's] incompetence[,] as well as the lack of effort on [his] part to improve." Defs' Mot. Summ. Judg., Exh. 9 at 14. Thus, Moore is unable to establish a prima facie case that his discharge was the result of intentional discrimination based on age.[2]

### (iv)

For the reasons set forth, the conclusion is inescapable that Moore has failed to establish a prima facie case that his discharge from employment was a result of age discrimination. Therefore, defendants are entitled to judgment as a matter of law as to that claim. As to Moore's state law claims, I shall decline, pursuant to 28 U.S.C. § 1367(c), to exercise jurisdiction. A separate order follows.

### ORDER

For the reasons stated in the foregoing Memorandum, it is this 27th day of January, 1999, by the United States District Court for the District of Maryland, ORDERED

(1) That the motion for summary judgment filed by defendants as to the federal claims BE, and it hereby IS, GRANTED; and it is further ORDERED

(2) That plaintiff's motion for summary judgment is DENIED; and it is further ORDERED

(3) That JUDGMENT BE and it hereby IS ENTERED IN FAVOR OF THE DEFENDANTS AS TO THE FEDERAL CLAIMS; and it is further ORDERED

(4) That the state law claims asserted by plaintiff ARE DISMISSED WITHOUT PREJUDICE; and it is further ORDERED

(5) That the Clerk shall CLOSE THIS CASE and TRANSMIT copies of the foregoing Memorandum and this Order to the attorneys of record.

---

**2.** It is ironic, to say the least, that Moore tried so desperately, and yet failed at every turn, to obtain judicial review of his discharge within the state court system. Having reviewed the record, I have every conviction that the State Board's determination would have been affirmed. As it turns out, however, because all of the adverse state court judgments were on procedural grounds rather than on the merits, it is unlikely that issue preclusion principles apply, as they undoubtedly would if the state court had affirmed the State Board on the merits. *Cf. Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 109–11, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *University of*

*Tennessee v. Elliott,* 478 U.S. 788, 795–96, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986); *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 469–70 n. 7, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Dionne v. Mayor and City Council of Baltimore,* 40 F.3d 677, 681–83 (4th Cir.1994). *See also Alexander v. Maryland Lottery Agency,* 91 F.3d 128, 1996 WL 386613, at *2 (4th Cir.1996)(noting question, but not deciding, whether a Maryland circuit court's dismissal of a petition for judicial review for procedural default renders the underlying findings of ALJ "unreviewed" under *Kremer* and its progeny cited above).