564 A.2d 777

**Maurice F. TALLEY**

v.

**Willard W. TALLEY et al.**

**No. 69, Sept. Term, 1988.**

Court of Appeals of Maryland.

Oct. 12, 1989.

---

Victor L. Crawford, Rockville, for petitioner.

James J. Debelius, Gaithersburg, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

McAULIFFE, Judge.

This case involves a challenge to the validity of an order entered by the Court of Special Appeals directing an attorney to pay attorney's fees of $500.00. The order was entered as a part of the intermediate appellate court's disposition of a motion to dismiss an appeal for failure to comply with Maryland Rule 1028 (now Rule 8–501). The questions before us are: 1) whether the petitioner was afforded procedural due process and, 2) whether attorney's fees may be assessed in the absence of a finding of bad faith or lack of substantial justification.

## I

### Facts

An action for abuse of process was filed in the Circuit Court for Montgomery County by Maurice Talley against three of his brothers. That action involved an earlier action

of ejectment that had been filed by Maurice's mother against Maurice. In the abuse of process action, Maurice claimed that his brothers had actually brought the ejectment action against him. He claimed that his brothers brought the action in the name of their mother, purporting to act upon the authority of one or more powers of attorney. Maurice alleged that his brothers, in bringing the action, acted contrary to his mother's intentions, and contrary to an oral agreement that his mother had made to convey the property in question to him. He said that his brothers brought the action as a part of a conspiracy to have his mother disinherit him, and to deprive him of the real property to which he was entitled.

Maurice's brothers moved to dismiss the complaint, and for summary judgment, pointing out that Maurice had lost the ejectment action, and argued that the abuse of process action was simply an attempt to relitigate issues that had been finally decided in the earlier case. At a hearing held on 10 September 1987, Judge J. James McKenna determined that Maurice's complaint did not state a cause of action for abuse of process, and that in view of the previous final judicial determination of certain facts adverse to Maurice there was no possibility that he could state a good cause of action if he were given leave to amend the complaint. The trial judge also granted requests made by Maurice's brothers for an award of attorney's fees, but did not articulate a finding that Maurice was guilty of bad faith or lack of substantial justification in bringing the action. Judge McKenna directed counsel for Maurice's brothers to submit an appropriate order for his signature.

Maurice was represented at the September 10 hearing by an associate of the attorney who had represented him at the trial of the ejectment action. The associate's lack of first-hand knowledge concerning the details of the earlier litigation prompted Judge McKenna to declare that he would hear from the principal attorney "if he wants to come back in with regard to all of these matters." Before any order was signed, Maurice's principal attorney filed a "Motion for

Reconsideration", and a hearing on that motion was held on 6 October 1987. At the conclusion of that hearing, Judge McKenna said that his mind had not been changed—that he previously believed, and still believed, that Maurice's action was brought in bad faith. He thereupon signed an order dismissing the action with prejudice, and directing Maurice to pay attorney's fees to his brothers' attorneys.

Maurice appealed to the Court of Special Appeals. In his brief, he argued that: 1) his complaint stated a cause of action for abuse of process; 2) the trial judge failed to afford him a sufficient hearing on the question of attorney's fees; 3) there was insufficient evidence to support a finding of bad faith; and, 4) the trial judge erred in failing to make an independent determination of a reasonable fee to be awarded. As an appendix to his brief, Maurice filed a record extract consisting of the docket entries in the abuse of process case, the complaint, and a transcript of the September 10 hearing.

Two of Maurice's brothers, the respondents here, filed a motion to dismiss the appeal. They contended that Maurice had violated Maryland Rule 1028 by failing to contact them concerning the proposed contents of the record extract, and by failing to include in the record extract the transcript of the October 6 hearing and other papers necessary for resolution of the issues raised.[1] Citing Rule 1-341, respondents requested an award of attorney's fees for five hours effort in preparing the motion to dismiss the appeal, at the suggested rate of $120.00 per hour. Maurice filed two answers to the motion. In his first answer, he contended that the hearing at which the attorney's fees were awarded

---

1. Maurice's brothers also complained that Maurice had forwarded to them only one copy of his brief and record extract instead of the two required by Rule 1030 d. Also, they complained that Maurice's Certificate of Service stated he had mailed the brief on a Friday, but it had not been mailed until the following Monday. Maurice corrected the first oversight immediately, and pointed out that the error in the Certificate of Service was immaterial because the brief had been mailed well within the time required by the rules.

was that of September 10, and that it was unnecessary, in his opinion, to include a transcript of the argument of counsel at the rehearing of October 6. He proffered, however, that if the court disagreed with his assessment of what was reasonably required, he would promptly print any additional material designated by the court. As to respondents' request for attorney's fees, he said:

It is interesting to note that counsel has certainly not indicated any reason why a fee should be awarded in this case other than as a pro forma request, which because of Rule 1–341, now seems to be a request made in all motions filed in the various courts in the State of Maryland.

Maurice concluded by asking that the motion be denied and "that, if the court wishes, this matter be set down for oral hearing."

In his supplemental answer, filed about six days later, Maurice stated that "to be on the safe side" he was voluntarily filing, as an additional appendix to his brief, the complete transcript of the October 6 hearing. This answer, together with the supplemental transcript to which it referred, apparently crossed in the mail with the court's order of February 9, 1988, ruling on the motion to dismiss. That order provided that the appeal would be dismissed unless Maurice filed, on or before March 25, a "new record extract in full compliance with Maryland Rule 1028, including all pleadings and exhibits filed in the proceedings below together with the transcript of the hearing held on October 6, 1987...." With regard to the requested attorney's fees, the order provided:

It is further ORDERED, that counsel fee in the amount of Five hundred ($500.00) dollars be paid by Victor L. Crawford, Esquire, and not his client, Maurice F. Talley, to James J. Debelius, Esquire as an attorney fee in connection with appellees' Motion to Dismiss.

After some discussion, and in spite of strident demands by respondents that Maurice reprint the transcripts of hearings already provided, Maurice was permitted to file a

second supplemental appendix which, when combined with the first two, provided all the information required by the court.

Maurice's attorney also filed a "request for hearing as to sanctions," arguing that the court had not made any finding of "willfulness" on his part. He conceded that he may have been guilty of neglect and inadvertence, but contended that he did not act in bad faith, and further argued that he should have been given a full hearing before sanctions were imposed. The request was denied without comment.

The appeal was heard in due course and, in an unreported opinion the Court of Special Appeals affirmed the circuit court's dismissal of the action. With respect to the attorney's fees that had been ordered by Judge McKenna, the court held that the trial judge had explicitly made a finding of bad faith, and that his finding was supported by the record. The court agreed with Maurice, however, that the record did not show that the trial judge had made a determination of the reasonableness of the fees claimed, and did not contain any information which would permit the intermediate appellate court to review whether the amount of the assessment of attorney's fees was reasonable. The court directed a remand for a further evidentiary hearing on that issue. Maurice petitioned this Court for certiorari on several grounds. We granted the writ, limiting the issues to those involving the award of attorney's fees by the Court of Special Appeals.

## II

### *Procedural Due Process*

Petitioner is correct in his assertion that the constitutional guarantee of due process is applicable to the assessment of attorney's fees for litigation misconduct. Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.

*Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). *Accord Watson v. Watson,* 73 Md.App. 483, 496–98, 534 A.2d 1365 (1988). Writing for the Court of Special Appeals in *Blanton v. Equitable Bank, Nat'l Ass'n,* 61 Md.App. 158, 166, 485 A.2d 694 (1985), Judge Adkins said:

It may be that under some circumstances due process would require us to hold a hearing to decide whether sanctions should apply, and if so, the appropriate amount to be assessed, and against whom the assessment should be made. *See, e.g., Miranda v. Southern Pacific Transportation Co.,* 710 F.2d 516, 522–23 (9th Cir.1983) (attorney fee sanction improper where attorneys denied notice, opportunity to respond, and hearing).

We need not here define precisely what process is due before an appellate court may order the payment of attorney's fees as a sanction for maintaining or defending a proceeding in bad faith or without substantial justification. Maurice and his attorney were put on notice that Maurice's brothers were seeking the imposition of attorney's fees pursuant to the authority of Rule 1–341 for Maurice's failure to comply with the requirements of Rule 1028. They had an adequate opportunity to respond in writing, and they availed themselves of that opportunity. Assuming Maurice and his attorney were entitled to an oral hearing on the issue before a sanction could be imposed, an issue that we do not decide,[2] the right to such a hearing was waived.

---

2. In *Phillips v. Venker,* 316 Md. 212, 218, 557 A.2d 1338 (1989), we restated the familiar proposition that due process is a flexible concept calling for such procedural protection as the particular situation may demand. We pointed out that in some circumstances, the furnishing of a "paper hearing", i.e., the right to be heard by means of documents and written arguments, may suffice. *Id.* The Supreme Court has noted that "the due process concerns posed by an outright dismissal are plainly greater than those presented by assessing counsel fees against lawyers." *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 767 n. 14, 100 S.Ct. 2455, 2464 n. 14, 65 L.Ed.2d 488 (1980). Maryland Rule 2-311, providing for a right to a hearing upon demand in some circumstances, does not apply to motions in the appellate courts. Rule 8–431(g), which does apply, grants no special right to a hearing.

Rather than demand a hearing in his response to the motion, Maurice expressly left the determination of whether the hearing should be held to the court. He may not now, after an adverse decision, demand that which he has waived.

## III

### Sufficiency of the Findings

■ Maurice contends that a court imposing the sanction of attorney's fees must make an express finding of either bad faith or lack of substantial justification. Respondents argue that Rule 1–341 does not require such a finding, and in the alternative, they suggest that the Court of Special Appeals could have imposed the sanction pursuant to the penalty provisions of Rule 1028 i, which requires no finding of bad faith or lack of substantial justification. We conclude that Maurice has the better of this argument.

The Court of Special Appeals has said, and we agree, that "[b]efore a court metes Rule 1–341 sanctions, it must make an evidentiary finding of 'bad faith' or 'lack of substantial justification.' " *Legal Aid v. Bishop's Garth,* 75 Md.App. 214, 220, 540 A.2d 1175 (1988). *See also Century I Condo v. Plaza Condo Joint Ven.,* 64 Md.App. 107, 115–16, 494 A.2d 713 (1985); *Colonial Carpets v. Carpet Fair,* 36 Md.App. 583, 591–92, 374 A.2d 419 (1977); *Hess v. Chalmers,* 33 Md.App. 541, 545, 365 A.2d 294 (1976). The justification for this requirement lies not only in the clear language of the rule, but also in the logic that before such an extraordinary sanction is imposed there should be evidence that there has been a clear focus upon the criteria justifying it and a specific finding that these criteria have been met. Moreover, some brief exposition of the facts upon which the finding is based and an articulation of the particular finding involved are necessary for subsequent review. In view of the fact that appellate courts may, and do, impose original sanctions pursuant to this rule, we

conclude that the requirements for specific findings apply to us as well as to the trial courts.

In the instant case, although respondents requested an award of attorney's fees pursuant to Rule 1–341 as a part of their motion to dismiss the appeal, they did not allege bad faith on the part of Maurice or his attorney. The Court of Special Appeals made no finding of bad faith. That court obviously agreed with respondents that Maurice had failed to satisfy the requirements of Rule 1028. Rather than dismiss the appeal outright, however, the court directed Maurice to cure the deficiency within a prescribed period of time. With respect to the award of attorney's fees, the court simply ordered Maurice's attorney to pay a specified sum to respondents' attorney,[3] "in connection with appellees' motion to dismiss."

Respondents argue before us that Maurice or his attorney intentionally declined to print the proceedings of October 6 in an effort to mislead the Court of Special Appeals and to bolster the argument that Judge McKenna had not made the required finding of bad faith. If the Court of Special Appeals found that to be true, there would certainly be justification for the imposition of a sanction pursuant to Rule 1–341. It is noteworthy, however, that no such suggestion was before the intermediate appellate court when it ruled on the motion. Moreover, it would appear that if the court had reached that conclusion, it might well have dismissed the appeal rather than simply order the deficiency remedied. *See Bornstein v. State Tax Comm.*, 227 Md. 331, 335–37, 176 A.2d 859 (1962) (intentional omissions from the record extract, intended to mislead, warrant dismissal of appeal); *Kemp–Pontiac–Cadillac v. S & M Constr.*, 33 Md.App. 516, 525, 365 A.2d 1021 (1976) (same).

---

**3.** Rule 1–341 clearly permits a court to direct the payment of a sanction by the offending party, or attorney, or both of them. The rule directs, however, that payment be made to the adverse party, rather than to that party's attorney.

■ If the intermediate appellate court awarded the attorney's fees because it felt the remedy was appropriate as a sanction for the negligence or carelessness of Maurice's attorney, it was in error. As frustrating as it may be to courts and litigants at all levels to become involved in extra effort because an attorney or a party misreads a rule, or overlooks a requirement, or is otherwise negligent, careless, or perhaps inept, the bad faith component of Rule 1–341 does not permit the award of attorney's fees as a sanction for such conduct. It is an extraordinary remedy, intended to reach only intentional misconduct. The requisite intent, although sometimes difficult to prove, and more often than not provable only by inference from the surrounding circumstances, must nonetheless be proved.

In the instant case, we cannot determine the basis upon which the Court of Special Appeals awarded the attorney's fees. Accordingly, we must vacate that award, and remand the case for further proceedings consistent with the views we have expressed.

In so doing, we reject respondents' suggestion that the Court of Special Appeals may have awarded attorney's fees as a proper exercise of that court's discretion pursuant to former Rule 1028 i 2. That rule provided that upon a finding that an appellant had failed to file parts of the record reasonably necessary for a determination of questions presented by the appeal, the court could "require that additional portions of the record be printed or otherwise furnished, or it may dismiss the appeal, or make any other appropriate order with respect to the case." Respondents argue that the award of attorney's fees falls within the authority of the court to "make any other appropriate order." We do not agree.

■ The power to award attorney's fees, being contrary to the established practice in this country, may be expressly conferred but will not be presumed from general language. *See Roadway Exp., Inc. v. Piper, supra,* 447 U.S. at 759–63, 100 S.Ct. at 2460–62. The Court of Special Appeals

was correct in *Blanton v. Equitable Bank, Nat'l Ass'n, supra*, 61 Md.App. at 161, 485 A.2d 694, and in *Singer v. Steven Kokes, Inc.*, 39 Md.App. 180, 187, 384 A.2d 463 (1978), in holding that prior to the adoption of Rule 1–341 there was no authority in the rules for an award of attorney's fees at the appellate level.

THAT PORTION OF THE 9 FEBRUARY 1988 ORDER OF THE COURT OF SPECIAL APPEALS ORDERING PAYMENT OF ATTORNEY'S FEES IS VACATED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO ABIDE THE RESULT.