In re William M. CHAIRES, Debtor.

Erie Insurance Group, Plaintiff,

v.

William M. Chaires, Defendant.

Bankruptcy No. 98–6–6148–SD.
Adversary No. 99–5448–SD.

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

June 2, 2000.

Martin T. Fletcher, Melanie J. Kirwin, Whiteford, Taylor & Preston, LLP, Baltimore, Maryland, for the debtor/defendant.

Guy C. Fustine, Mark G. Claypool, Knox, McLaughlin, Gornall, Sennett, P.C., Baltimore, Maryland, Charles E. Wilson, Jr., McCarthy, Wilson & Ethridge, Rockville, Maryland, for the plaintiff.

### MEMORANDUM GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Corrected)

E. STEPHEN DERBY, Bankruptcy Judge.

Plaintiff has moved for summary judgment that a monetary sanction imposed on the Debtor, an attorney, by a State court for pursuing meritless litigation against Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6). Upon consideration of the Amended Complaint and Exhibits thereto, Debtor's Answer, the motion, Debtor's opposition, and the memoranda of each party, the court finds that there is no genuine issue of material fact, the doctrine of collateral estoppel is applicable, and Plaintiff is entitled to summary judgment as a matter of law.

Prior to filing his bankruptcy petition, the Debtor, as counsel for Howard Legg, and Plaintiff were involved in a civil action titled. *Howard Legg v. Erie Insurance Group* in the Circuit Court for Anne Arundel County (Md.) ("The Legg Litigation"). After trial had begun, the Circuit Court granted Mr. Legg's motion to dismiss the civil action with prejudice. Thereafter, Erie Insurance Group ("Erie"), the Plaintiff here, moved for an order requiring the Debtor, William M. Chaires, Esquire, the Defendant here, to reimburse Erie for its costs and attorney's fees incurred to defend the Legg Litigation. The state circuit court granted Erie's motion, and it entered judgment against the Debtor for $74,435.06. Erie submits that the Debtor pursued the Legg Litigation in bad faith and without justification. Erie also contends that during the course of the Legg Litigation, the Debtor knowingly submitted pleadings to the State circuit court that contained false and fraudulent allegations.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c), made applicable by Fed. R.Bankr.R. 7056. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475 (Bankr.D.Md.1996), *aff'd* 113 F.3d 1231 (4th Cir.1997). A material fact is one that might affect the outcome of the suit, *see Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; and a genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248–49, 106 S.Ct. 2505. It is well established that a party moving for summary judgment bears the burden of showing the absence of any

genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Once a motion for summary judgment is made and supported, the non-moving party "may not rest upon the mere allegations or denials of [that] party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It must show that there is sufficient evidence from which a reasonable factfinder could find in its favor. *Id.* at 585, 106 S.Ct. 1348. While the court must construe all inferences in favor of the non-moving party, *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505, the court is bound by factual determinations made in prior actions where collateral estoppel applies. *Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Plaintiff Erie relies on the doctrine of collateral estoppel to support its motion for summary judgment. Plaintiff claims that the Debtor is estopped from denying his willful and malicious injury to the Plaintiff based on the judgment entered by the Circuit Court for Anne Arundel County. It is undisputed that the Circuit Court entered judgment against Debtor ·under Maryland Rule 1–341 for initiating and pursuing a meritless suit. The issue presented, however, is whether this judgment satisfies the standard of a debt for willful and malicious injury under 11 U.S.C. § 523(a)(6).

11 U.S.C. § 523(a)(6) excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." In the context of section 523(a)(6), "willful" means "deliberate or intentional." *Kawaauhau v. Geiger*, 523 U.S. 57, 60, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *First*

*Nat. Bank of Maryland v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir.1995); *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003 (4th Cir.1985); H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6320–21. "Malicious" means "wrongful and without cause or excuse." *St. Paul Fire & Marine Ins.* at 1008. "A successful cause of action pursuant to Section 523(a)(6) requires the plaintiffs to prove that the debt arose from willful harm done with the intent to cause injury." *Health and Welfare Plan for Employees of Southern Maryland Elec. Coop., Inc. v. Eagleston (In re Eagleston)*, 236 B.R. 183, 188 (Bankr.D.Md.1999) (citing *Geiger, supra* ).

Maryland Rule 1–341 authorizes a court to impose sanctions on parties who pursue frivolous litigation. It provides:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the· costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

Md. Rule 1–341. In *Inlet Associates v. Harrison Inn Inlet, Inc.*, 324 Md. 254, 596 A.2d 1049 (1991), the Maryland Court of Appeals articulated the appropriate procedure for awarding damages pursuant to Rule 1–341. The court concluded that "[b]efore imposing sanctions in the form of costs and/or attorney's fees under Rule 1–341, the judge must make two separate findings that are subject to scrutiny under two related standards of appellate review. First, the judge must find that the proceeding was maintained or defended in bad faith and/or without substantial justification.... Second, the judge must find that the bad faith and/or lack of substantial justification merits the assessment of costs and/or attorney's fees." *Id.* at 267–68, 596 A.2d 1049.

■ An award of counsel fees pursuant to Rule 1–341 is an "extraordinary remedy," which should be exercised only in "the rare and exceptional case." *Black v. Fox Hills North Community Ass'n, Inc.*, 90 Md.App. 75, 83, 599 A.2d 1228 (1992). Unlike Rule 11 of the Federal Rules of Civil Procedure, Rule 1–341 is not punitive in nature. *U.S. Health, Inc. v. State*, 87 Md.App. 116, 130–31, 589 A.2d 485 (1991). Rather, it "provides for recovery of expenses incurred in opposing the unjustified or bad faith maintenance or defense of a proceeding." *Id.* at 131–32, 589 A.2d 485. In the context of Rule 1–341, bad faith exists when a party litigates "vexatiously for the purpose of harassment or unreasonable delay...." *Inlet*, 324 Md. at 268, 596 A.2d 1049. *Accord, Seney v. Seney*, 97 Md.App. 544, 554, 631 A.2d 139 (1993). "Substantial justification" for prosecuting an action exists when there is "a reasonable basis for believing that a case will generate a factual issue for the fact-finder at trial." *Seney*, 97 Md.App. at 553, 631 A.2d 139 (quoting *Needle v. White, Mindel, Clarke and Hill*, 81 Md.App. 463, 476, 568 A.2d 856 (1990)). For there to be substantial justification, the litigant's position must be fairly debatable and within the realm of legitimate advocacy. *Inlet*, 324 Md. at 268, 596 A.2d 1049.

Debtor argues that the Rule 1–341 fee award cannot satisfy the "willful and malicious" standard of 11 U.S.C. § 523(a)(6) for purposes of collateral estoppel because the fee award is not a sanctions award. In support of this position Debtor relies on a single quotation from a Maryland Court of Special Appeals case which states: "... Rule 1–341 is not a sanctions rule in the same sense as Rule 11. It does not provide for a monetary award to punish a party that misbehaves. The rule's purpose it to put the wronged party in the same position as if the offending conduct had not occurred." *Major v. First Virginia Bank—Central Maryland*, 97 Md.App. 520, 530, 631 A.2d 127 (1993). Debtor reads too much into this statement. The quoted language merely serves to distinguish between the punitive nature of a Rule 11 sanction and the remedial nature of a Rule 1–341 sanction. To the extent that Debtor reads the statement of the Maryland Court of Special Appeals as a determination that a Rule 1–341 award is not a sanction, it is in error. Indeed the Court of Special Appeals has repeatedly referred to an award under Rule 1–341 as a sanction. *See, e.g., Mullaney v. Aude*, 126 Md.App. 639, 663, 730 A.2d 759 (1999); *Rolley v. Sanford*, 126 Md.App. 124, 133, 727 A.2d 444 (1999).

■ Courts have historically distinguished between punitive and remedial or compensatory sanctions. *See, e.g., International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642, (1994) (distinguishing between remedial civil contempt sanction and punitive criminal contempt sanction); *Various Items of Personal Property v. United States*, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931) (concluding in rem civil forfeiture is remedial, not a punitive sanction); *U.S. v. Hatfield*, 108 F.3d 67 (4th Cir.1997) (debarment of government contractor construed as a remedial, not punitive, sanction). A sanction proportioned to potential rather than actual harm is punitive, though the potential harm may make the punishment a reasonable one. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 460–462, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993). The remedy under Rule 1–341 is to award to the adverse party reasonable expenses, including reasonable attorneys' fees, incurred by the adverse party in opposing the objectionable proceeding. This standard makes the adverse party whole with respect to the cost of a proceeding which should not have been endured, and it is, in that sense, compensatory. *St. Luke Evangelical Lutheran Church, Inc. v. Smith*, 318 Md. 337, 361, n. 4, 568 A.2d 35 (1990).

Nonetheless, a determination of the nature of the sanction imposed pursuant to

Maryland Rule 1–341 does not dispose of the issue at hand. The court must still examine the particular elements of rule 1–341 and how they were applied by the Circuit Court for Anne Arundel County. Further, the court must analyze the specific findings of the Circuit Court and the degree to which there is an identity of issues sufficient to conclude that the Plaintiff is entitled to invoke the doctrine of collateral estoppel in the present adversary proceeding with respect to the Rule 1–341 judgment.

 Sanctions under Maryland Rule 1–341 are not imposed upon a losing party because an innovative or tenuous legal theory was not endorsed by the court. *Dixon v. DeLance*, 84 Md.App. 441, 579 A.2d 1213 (1990). Nor does the rule apply because a party "misconceived the legal basis upon which he sought to prevail." *Hess v. Chalmers*, 33 Md.App. 541, 545, 365 A.2d 294, 297 (1976). Rather, the rule 1–341 sanction is intended to eliminate abuses in the judicial process. *Kelley v. Dowell*, 81 Md.App. 338, 341, 567 A.2d 521 (1990). Rule 1–341 sanctions are judicially guided missiles pointed at those who proceed without any colorable right to do so. *Legal Aid Bureau v. Bishop's Garth Associates Ltd. Partnership*, 75 Md.App. 214, 224, 540 A.2d 1175 (1988), *cert. denied*, 313 Md. 611, 547 A.2d 188 (1988). Persuasive to this court is that Maryland courts have opined that Rule 1–341 should be invoked only for "... a clear, serious abuse of judicial process", and it should reach only suits that are "patently frivolous and devoid of any colorable claim." *Black v. Fox Hills*, 90 Md.App. at 84, 599 A.2d 1228. Intentional misconduct is required. *Talley v. Talley*, 317 Md. 428, 438, 564 A.2d 777 (1989).

 In the context of Rule 1–341, bad faith exists when a party litigates with the purpose of intentional harassment or unreasonable delay. *Seney*, 97 Md.App. at 554, 631 A.2d 139. Acts that are in bad faith, vexatious, wanton, and for oppressive reasons, are acts that are an intentional injury, without cause or excuse, and are thus both "willful" and "malicious" for purposes of 11 U.S.C. § 523(a)(6). *In re Huber*, 171 B.R. 740 (Bankr.W.D.N.Y.1994). The Court of Appeals for the Fourth Circuit has equated bad faith with willfulness (*see Gilliam v. Armtex, Inc.*, 820 F.2d 1387, 1390 (4th Cir.1987)), and it has interpreted bad faith to mean acts that are malicious, fraudulent, deliberate, and willful. *See Teaching Co. Ltd. Partnership v. Unapix Entertainment, Inc.*, 87 F.Supp.2d 567, 592 (E.D.Va.2000) (citing *Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594, 600 (4th Cir.1992)). The references to "serious abuse" and "intentional misconduct" in the Maryland case law discussions of the bad faith component of Rule 1–341 reflect inquiries into the subjective state of mind of the actor and inherently speak to an intent to inflict harm.

"As frustrating as it may be to courts and litigants at all levels to become involved in extra effort because an attorney or a party misreads a rule, or overlooks a requirement, or is otherwise negligent, careless, or perhaps inept, the bad faith component of Rule 1–341 does not permit the award of attorney's fees as a sanction for such conduct. It is an extraordinary remedy, intended to reach only intentional misconduct. The requisite intent, although sometimes difficult to prove, and more often than not provable only by inference from the surrounding circumstances, must nonetheless be proved." *Talley*, 317 Md. at 438, 564 A.2d 777. Therefore, in order to impose a sanction under Maryland Rule 1–341, a court must find that the individual engaged in misconduct intentionally.

In granting Plaintiff Erie judgment against Debtor under Rule 1–341, the Circuit Court for Anne Arundel County made, *inter alia*, the following findings.

And I find that there was a gross abuse of the judicial process and a gross misjustice of the application of the

courts, the use of the courts, from the get-go in the filing of this [Legg Litigation].

Transcript, Motion for Costs, 9/3/98, p. 191, where the court was speaking to the Debtor, William M. Chaires.

And in order to award fees, I have to make the findings. First, I have to find that the lawsuit was either brought and/or continued in bad faith or without substantial justification. And I don't find under the circumstances that there was any legal justification for filing this suit. And certainly there was no legal justification of the putting on notice by the motion to dismiss and then going further and deeper, if I look at the death of Mr. Legg and your [Mr. Chaires'] statement after that.

*Id.* at 193.

I do find that there was no legal justification in the complaint that was made. I do find that even assuming I was wrong on that, there was no legal justification for continuing and maintaining the case after the motion to dismiss was filed.

*Id.* at 193–94.

I also find that the lack of substantial justification and *what I find to be bad faith* in maintaining this suit merits an assessment of costs and attorney's fees, inclusive attorney's fees. I find that unfortunate, but I find that I have no choice under the circumstances but to so find.

*Id.* at 194–95. (Emphasis supplied.).

Inherent in the findings by the Circuit Court for Anne Arundel County that the Debtor, as an attorney at law, maintained the Legg Litigation with a lack of substantial justification and with bad faith is the inevitable conclusion that Debtor intended harm to Erie, the other party to the civil action. The harm was the need of Erie to incur the costs of defending this unjustified civil action maintained in bad faith. The costs of defense were the measure of the Rule 1–341 judgment. The Circuit

Court concluded: "I do find under the circumstances that the expenses incurred by Erie are fair and reasonable or necessary to their being protected in their rights against the claim of Mr. Legg through this lawsuit, and that an award is therefore justified." Transcript, Motion for Costs, 9/3/98, p. 195. The intent to harm Erie that was inherent in Debtor's actions in bad faith satisfies the requirement articulated in *Geiger* that there be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." 523 U.S. at 61, 118 S.Ct. 974. In maintaining a lawsuit for an improper purpose, the Debtor attorney necessarily knew and intended that Erie Insurance would incur expenses in defending the lawsuit.

The Circuit Court's specific findings of bad faith and lack of substantial justification in the institution or maintenance of the Legg Litigation, are the same issues sought to be precluded here in considering the willful and malicious nature of Debtor's actions under 11 U.S.C. § 523(a)(6). Therefore, the applicability of the doctrine of collateral estoppel must be addressed.

 The doctrine of collateral estoppel may be invoked in dischargeability proceedings under 11 U.S.C. § 523(a). *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Ansari,* 113 F.3d 17, 19 (4th Cir.1997); *McGee v. McCown,* 129 B.R. 432, 436 (Bankr.D.Md. 1991). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *See also Combs v. Richardson,* 838 F.2d 112, 115 (4th Cir. 1988); *In re Bernstein,* 197 B.R. at 479. Collateral estoppel precludes relitigation of an issue if (1) the issue sought to be precluded was the same as that involved in the prior action, (2) that issue was actually litigated, (3) it was determined by a valid

and final judgment, and (4) the determination was essential to the prior judgment. *Combs,* 838 F.2d at 115.

 That the issues were actually litigated is evidenced by the transcript of the hearing on the Motion for Costs. The determination of whether the Legg Litigation was maintained in bad faith (i.e. the willful and intentional nature of Debtor's actions) was an essential finding on which the Circuit Court judgment under Maryland Rule 1–341 was based. Finally, the judgment of the Circuit Court for Anne Arundel County is a final and valid judgment.

This court's conclusion that Rule 1–341 sanctions based on a finding of bad faith are nondischargeable under 11 U.S.C. § 523(a)(6) is consistent with the holding of courts of other jurisdictions examining the issue post-*Geiger. See In re Scarborough,* 171 F.3d 638 (8th Cir.1999) (Malicious prosecution judgment debt excepted from discharge.); *In re Messina,* 2000 WL 311145 (Bankr.N.D.Ill.2000) (Rule 11 sanctions excepted from discharge). Specifically, courts examining the dischargeability of attorney fee award sanctions for bad faith lawsuits under state law have concluded that explicit state court findings are sufficient to apply the doctrine of collateral estoppel to except the debts from discharge. *See French Kezelis & Kominiarek, P.C. v. Carlson,* 2000 WL 226706 (N.D.Ill.2000) (attorney fee award sanction arising from unwarranted lawsuit brought for improper purpose excepted form discharge through application of collateral estoppel doctrine); *In re Carlson,* 224 B.R. 659 (Bankr.N.D.Ill.1998) (Debtor collaterally estopped from disputing nondischargeability of obligation for sanctions awarded for initiating lawsuit for improper purpose.) The court finds the rationale applied by these courts to be persuasive and appropriate in the instant case. For these reasons, the award of costs and fees by the Circuit Court against Debtor, pursuant to Maryland Rule 1–341 is non-dischargeable

as a debt incurred for willful and malicious injury under 11 U.S.C. § 523(a)(6).